In the Matter of the Claim of ELINOR GORDON, Respondent, v. TEMPLE BETH EL OF GREAT NECK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Decedent, the cantor of a synagogue, in preparation for the Yom Kippur services directed a rehearsal of the choir for a period of about two hours, standing as he conducted with his hands, arms and head, while the choir sat upon a platform under strong lights which rendered the atmosphere oppressive in the absence of the usual air conditioning. At one time, decedent corrected one of the singers, as the result of which there was a brief exchange of words which none of the several witnesses described with any helpful degree of particularity, the substance of the testimony being that the singer "answered him back, which was most unusual" and that decedent "was taken aback" and appeared "tense". At some time thereafter — when does not clearly appear — decedent called a break, complained of illness and was removed to a hospital where he died the next day of acute myocardial infarction. The board found that the "sequence of events ⁎ ⁎ ⁎ was sufficient to precipitate the coronary condition ⁎ ⁎ ⁎ and hence constituted an accidental injury". This finding seems to us legally insufficient and not expressive of the correct test of accidental injury in a heart case (see Matter of Traversone v. Lee Bros. Stor., 17 A D 2d 175) but there is, in any event, no substantial evidence supportive of the award. The board assigned causation to "tension" and "emotional stress" engendered by the necessity of conducting the rehearsal within the limited time remaining before the important religious observance, and under conditions of "excessive heat", coupled with the "factor of an added insult in the form of a verbal altercation". We fail to find in this record substantial evidence that the work effort involved excessive stress or strain, and this with or without reference to the incident characterized as an "altercation". Decision and award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.