■ CITY OF BINGHAMTON, Appellant, v. ARLINGTON HOTEL, INC., Respondent.— Appeal from an order of the Supreme Court at Special Term, entered May 24, 1971 in Broome County, confirming the report of Commissioners of Appraisal as to damages due respondent for the taking of its property as part of an Urban Renewal Project in the City of Binghamton. This appeal is from an award of damages for respondent's hotel property in the City of Binghamton, New York. The property was a complex of buildings designed and constructed expressly for convention hotel purposes. Expert witnesses for both parties testified that the highest and best use of this property was for a hotel. Both appellant and respondent agreed that there were no sales of comparable properties in the area to warrant the use of market data in determining value. Respondent's experts presented evidence on the basis of reproduction cost less depreciation, and placed the value of land and buildings taken at $1,250,000. Petitioner's witness adopted the income approach method and testified to a valuation for land and buildings taken at $466,800. Each side cross-examined the other's expert witnesses extensively, and each side introduced additional evidence bearing on the other's approach to value. In addition, two other appraisals were introduced into evidence. One was made for petitioner in 1958 for insurance purposes showing a valuation based on reproduction cost less depreciation of $2,361,202. The other appraisal was made for petitioner to support its application for urban renewal funds for grants, which appraisal stated the value of the property to be $1,206,000. It further appears that prior to the condemnation proceeding, appellant offered

respondent the sum of $511,400 for the property, which offer was rejected. The commission found that the subject property was a specialty, and awarded damages of $763,859. The commission further stated that in making its determination, " due consideration was given to the Approaches prepounded by each of the experts, viz; the Income Approach, argued by petitioner's expert, and the Reproduction Less Depreciation Approach relied upon by the respondent's expert ". The court, confirming the report of the commission, held that the approach taken by the commission was the proper one in view of the finding that the property had been specifically constructed for hotel purposes, and found that there was no proof of a ready market for such a hotel facility existing in the area. In any event, the stipulation between the attorneys that the matter should be decided by the commission on the record before it, is binding on the parties, particularly where both the commission and the court emphasized that both methods of valuation were given due consideration. " In the determination of that just compensation, there is no single element which is controlling, and it is competent for the commissioners of appraisal to consider all factors indicative of the value of the property ". (*Matter of Huie* [*Fletcher — City of New York*], 2 N Y 2d 168, 171.) Inasmuch as the award falls within the range of the differing valuations of the experts and was predicated on relevant factors, we do not see how we can say that, as a matter of law, the award is so obviously wrong that it shocks the sense of justice or the conscience of the court. (*Matter of City of New York* [*Old Third Ave.*], 241 App. Div. 13, app. dsmd. 265 N. Y. 503.) We are, therefore, of the opinion that the evidence in this record is legally sufficient to sustain the award. Order affirmed, with costs. Herlihy, P. J., Aulisi, Staley, Jr., Sweeney and Simons, JJ., concur.