In the Matter of EDWARD C. MAGUIRE et al., Constituting the Board of Water Supply of the City of New York, Appellants, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in the County of Sullivan for the Purpose of Providing Additional Water for the City of New York. HENRY WINGERT et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered October 19, 1973 in Sullivan County, which confirmed a report of the Commissioners of Appraisal. Appellants appeal from an order confirming awards to property owners for decrease in value of their riparian properties by reason of the City of New York's impoundment and diversion of water from the east and west branches of the Delaware River for use by the residents of the City of New York (Administrative Code of City of N.Y., ch 51, tit K, art 1). The primary contention of appellants is that respondents' expert, in all the cases excepting Phillips', by basing his estimation of damages on the value that the subject properties would have had but for the loss of riparian rights, rather than upon the actual decrease in value, submitted proof which was speculative and inadequate. The permissibility of introducing expert testimony with respect to both the present value of the premises with the water diverted and also as to what the present value would be had there been no diversion was upheld by this court in *Gallagher v Kingston Water Co.* (25 App Div 82, affd 164 NY 602). Appellants rely upon cases involving elevated railways in which experts were not permitted to give hypothetical evaluations *(Bookman v New York El. R.R. Co.,* 147 NY 298; *Roberts v New York El. R.R. Co.,* 128 NY 455). The court in *Gallagher,* however, specifically distinguished the elevated railroad situation from the diversion of waters case there under consideration. In the former, because the construction and operation of a railroad brought benefits as well as injuries, in the form of

increased growth, "The expert * * * necessarily has to consider both benefits and injuries and balance the account—which is the very thing the jury have to do. The majority of the court thought it better that all the conditions affecting values be shown, and thereupon the court or jury should determine. In the case before us there are no benefits to be considered; it is a simple question of value, with or without the water * * * Experts know better than the non-expert" *(Gallagher v Kingston Water Co., supra.* pp 85, 86). We find no case modifying the basic holding in *Gallagher* and the reasoning therein is applicable to the instant situation. The takings herein have not brought benefits to respondents' properties and we are presented with a simple question of value upon which expert testimony would be most useful. There was considerable testimony in this case as to the damage to such recreational activities as fishing and swimming in the river as the result of diversion of the Delaware by New York City. In *Matter of Ford (City of New York)* (18 AD2d 855, 856), also involving diversion of the Delaware by New York City, this court found that it was "abundantly clear that a very large part of the value before the taking was in fact attributable to the recreational facilities afforded by the river and subsequently in large part destroyed" by the diversion of the waters. The expert testimony in these cases (excepting Phillips') as to what the value of the properties would have been was properly received and considered by the commissioners as an aid to their determination of the loss to respondents, including that occasioned by the damage to the river as a recreational area. We find that the awards in all of these cases rested upon sufficient evidence in the record and fell within the range of expert testimony with regard to damages and values. Appellants contend that the witness fees permitted by the commission were excessive. It is apparent that much of the testimony is repetitive and some of it is of little value and, while we deplore the use of such unnecessary testimony and, consequently, its resultant cost, we note that the fees allowed were in accordance with a fee schedule established by the trial court. We are also aware of the fact that some of the testimony was taken at intervals over a period of several days thus taking longer to complete than is necessary. We further agree that it hardly seems likely that an engineer would need three and one-half days out of court to prepare an opinion that the river water varies in temperature, after having given similar testimony in over 200 such cases. Much irrelevant testimony was admitted in these cases. Nevertheless, if the commissioners permitted expert witnesses to give repetitious and unnecessary testimony, they cannot then refuse to make adequate allowance for reasonable compensation for the time spent by the witnesses *(Matter of Maguire v McBride,* 327 NYS2d 1023, affd 38 AD2d 795). Therefore, we confirm the awards and allowances herein, but we direct that the witness fees and other allowances be subject to closer scrutiny and more critical evaluation by the commissioners and, in turn, by Special Term. Order affirmed, without costs. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.