In the Matter of EDWARD C. MAGUIRE et al., Constituting the Board of Water Supply of the City of New York, Appellant-Respondent, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in the County of Sullivan, for the Purpose of Providing Additional Water for the City of New York. FRANK PLESSL et al., Respondents-Appellants.—Cross appeals from an order of the Supreme Court at Special Term, entered February 25, 1977 in Sullivan County, which confirmed awards made by Commissioners of Appraisal for the loss of riparian rights. At issue on these appeals are four individual claims against the City of New York for loss in recreational and market values of properties riparian to the Delaware River allegedly due to changes in the flow and temperature of the river with their concomitant adverse effect on swimming, fishing and boating. The changes in flow and temperature result from the city's impoundment and diversion of water from the east and west branches of the Delaware River for the use of its residents pursuant to a statute known as the Water Supply Act (Administrative Code of City of New York, ch 51, tit K, art 1). Following extensive hearings, the Commissioners of Appraisal made awards for the individual claims as follows: $23,000 to Frank Plessl; $22,200 to Clarence Schultz, individually and as executor of the estate of John Schultz; $6,000 to Glenn and Julia Stancil; and $24,000 to Curtis Nurseries, Inc. Special Term thereafter confirmed the awards, and these cross appeals followed wherein the city maintains that the awards are excessive and claimants argue that they are inadequate. We hold that the order of Special Term should be affirmed. In situations such as we have here, the measure of damages employed by claimants' experts, i.e., the difference between the present value of claimants' premises and what that value would have been had there been no diversion of water, has previously been approved by this court (Matter of Maguire [Wingert], 48 AD2d 958, mot for lv to app den 37 NY2d 712), and it was properly applied in this case by the commissioners. Moreover, the commissioners' ultimate findings and awards involved factual determinations and were supported by the evidence and within the range of the expert testimony. Under these circumstances, they should not be disturbed (cf. City of Binghamton v Arlington Hotel, 38 AD2d 622, mot for lv to app den 30 NY2d 484). Order affirmed, with costs to respondents-appellants. Mahoney, P. J., Kane, Staley, Jr., Main and Larkin, JJ., concur.