■ RENE GRINAN, Petitioner, v IRMA SANTAELLA et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated December 23, 1981, which dismissed as untimely an appeal from a determination and order of the State Division of Human Rights, dated September 28, 1981, which found that no probable cause existed for complainant's allegations. Petition granted to the extent that the order is annulled, without costs or disbursements, and the matter is remitted to the State Human Rights Appeal Board for proceedings consistent herewith. Application by petitioner for entry of a default judgment denied. The State Human Rights Appeal Board has the power to hear appeals from all orders of the State Division of Human Rights, "provided such appeals are commenced by filing with the board of a notice of appeal within fifteen days after service of such order" (Executive Law, § 297-a, subd 6, par c). If an appeal is not timely filed, the appeal board is without jurisdiction to review an order of the division (see *Matter of Walter v State Div. of Human Rights,* 36 AD2d 769). The claimant asserts that he did not receive a copy of the September 28, 1981 determination and order of the State Division of Human Rights until he received it at the office of the division on November 10, 1981. The appeal board found that the determination and order was mailed on September 28 and, as such, that petitioner's notice of appeal filed November 23 was untimely. It is clear that service by mail is complete upon deposit of a properly stamped and addressed letter in a depository under the exclusive care and custody of the United States Post Office (CPLR 2103, subd [b], par 2; subd [c]); this service is complete regardless of delivery to or receipt by the claimant (see *A. & B. Serv. Sta. v State of New York,* 50 AD2d 973, mot for lv to app den 39 NY2d 709). The

record before us, however, is devoid of any evidence to establish the actual date that the determination and order was mailed, or whether there was in fact proper and complete service by mail. Without such evidence, it is impossible for us to decide the issue of the timeliness of the filing of petitioner's appeal to the appeal board. Accordingly, the matter is remitted to the board for a hearing and determination as to the mailing of the division's determination and order and the timeliness of the notice of the appeal therefrom. If it is found that the appeal was timely taken, a determination on the merits should be made by the appeal board. Lazer, J. P., Gulotta, Bracken and Boyers, JJ., concur.