■ In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Relative to Providing a Water Supply for Use in the City of New York,

Appellants. VERONICA GOTTHARDT, Respondent. — Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered January 10, 1984 in Delaware County, which, in a proceeding pursuant to title K of chapter 51 of the Administrative Code of the City of New York, confirmed the award of $7,043.28 made to claimant as compensation for a business damage loss.

Claimant owned a dairy and produce farm near Cannonsville in Delaware County. As a result of the condemnation of the Hamlet of Cannonsville by the City of New York for the construction of a reservoir and dam and the subsequent closing of the Queens Farm Dairy to which claimant shipped her milk, claimant ceased to operate her farm and business and sold off her livestock. A claim was filed with the Commissioners of Appraisal for business loss and indirect real estate loss. A hearing was held as to the business loss. The right to try the indirect real estate claim was reserved. The commissioners found damages of $8,760 for loss of claimant's milk business and damages of $2,275 for claimant's loss of her farm produce business. By applying a 21% net profit which the commissioners concluded to be the average net profit on similar farms, $2,317.25 was determined to be claimant's average net profit. The commissioners then applied an invested capital charge of 5%, a personal service charge of 20% and a multiple factor of six, concluding that the appropriate total award was $7,043.28. Special Term confirmed the award and this appeal by petitioner ensued.

Petitioner contends that the award should be rejected because (1) claimant voluntarily went out of business due to fire damage to her farm rather than because of the condemnation relating to the Cannonsville Reservoir, (2) the award for claimant's farm produce business was based solely on hearsay, and (3) it was error to use a multiple of six in determining the final award.

Though this court has the authority to reevaluate the record and make its own findings (*Matter of Ford* [*Siska*], 22 NY2d 834), we find that the facts found by Special Term are in accord with the weight of the credible evidence and should not be disturbed. Claimant sustained her burden by providing credible evidence that she was unable to run her dairy farm since the dairy concern to which she sold her milk was put out of business by the condemnation. The evidence adduced as to the farm produce business carried on by her son was supported by claimant's own personal knowledge as to what her son took with him to sell on his daily run to the dairy and what moneys he paid over to her upon his return. This direct testimony is sufficient to sustain the award.

The multiple factor of six applied to the claim represents the years required to establish a business and thus the years in which a purchaser would receive no profit from his investment. Based on the record, we find no reason to dispute the application of the multiple of six to this case.

Order affirmed, with costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.