■ In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Relative to Providing a Water Supply for Use in the City of New York, Appellants. HOMER A. GLADSTONE et al., Respondents. — Harvey, J. Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered January 10, 1984 in Delaware County, which, in a proceeding pursuant to Administrative Code of the City of New York chapter 51 (tit K), confirmed awards made by the Commissioners of Appraisal to certain claimants and modified the award to one claimant.

We are asked to review several claims for business damage allegedly suffered by respondents as a result of condemnation proceedings by the New York City Board of Water Supply, and the subsequent construction of the Cannonsville and Pepacton Reservoirs. The Board began acquisition of lands for the Cannonsville area in 1955. Evacuation of the residents of that area took place intermittently until 1965 when the Cannonsville Reservoir was completed. The Pepacton Valley acquisitions took place from 1947 to 1954, and in 1955 the last residents of the area had evacuated preparatory to the construction of a reservoir in that area.

Claimants submitted claims for damages as provided in the Administrative Code § K51-44.0. That portion of the code permits an award of damages where it is established that the owner of real estate or of an established business, not actually acquired in the taking for the particular city project, has been damaged as a direct or indirect result of the city's project.

Following a hearing before the Commissioners of Appraisal in 1981, the commission awarded business damages to each of the instant claimants for claims filed in the late 1950s. Petitioners moved to confirm the commission's awards with certain exceptions. It is Special Term's action upon these exceptions which prompted this appeal by petitioners.

Claim of Homer A. Gladstone and Edna M. Gladstone.

Petitioners argue that the Gladstones' claim should have been dismissed, contending that it was presented more than three years after completion of the Pepacton project alleged to have caused the damage. Administrative Code § K51-18.0 provides, in pertinent part, that all claims for business damage must be "exhibited and presented to the commissioners of appraisal" within three years following the execution of the work alleged to have directly or indirectly caused the damage. Petitioners assert

that the last date for timely presentment of the Gladstones' claim was November 30, 1958. The claim was placed in the mail, postmarked December 1, 1958 and received by the commission the following day.

The Administrative Code fails to mandate that a claim be served personally or by special mail upon petitioners in order to be effective. This is to be contrasted with General Municipal Law § 50-e (3) (a), which specifically requires service of a notice of claim in a tort against a municipality either personally or by registered or certified mail. General Municipal Law § 50-e (3) (b) further provides that: "Service by registered or certified mail shall be complete upon deposit of the notice of claim, enclosed in a postpaid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States post office department within the state." Absent such specific requirements for the service of a claim on petitioners, we find that the Gladstones' claim, mailed via regular postal service on December 1, 1958, was effectively "exhibited and presented" on that date for the purposes of Administrative Code § K51-18.0.

We note that the proper date for the commencement of the running of the three-year Statute of Limitations was the completion of the actual reservoir construction, and not the later completion of surrounding roadwork as urged by the Gladstones (see, Matter of Huie [Tweedie], 18 AD2d 437, 439). Therefore, the last day to present a claim would have been November 30, 1958 since reservoir construction was completed in November of 1955. General Construction Law § 25-a (1) extended the time to present the claim to Monday, December 1, 1958. Thus, the Gladstones' claim was timely presented.

Claim of Homer Houghtaling.

Claimant owned a general store which he purchased in 1956. During the years used to assess claimant's business damage claim, the record established that a significant number of his customers relocated as a result of the Cannonsville project. The business had an average net profit of between $3,000 and $3,500 during the years under review. The largest evacuation of potential customers from the area took place between 1962 and 1964, and the evidence demonstrates that the store's net profits decreased $2,600. The commission found an average net loss of $1,200 and, finding that seven years would be necessary to establish such an operation, awarded claimant a total of $8,400. The seven-year multiple was based upon certain unique business characteristics, including the fact that it was a combination

grocery, drug and hardware store with an attached post office, and claimant carried certain specially ordered food products.

On review, Special Term found that the more realistic annual loss figure was $1,600 per year, but reduced the multiple to five based upon claimant's testimony that it would take approximately five years to develop a business of that nature. On appeal, petitioners contend that claimant's net profit declined only $223.57. That contention is based on a misinterpretation of the evidence and the record fully supports Special Term's modification of the commission's findings (*see, Matter of Ford [Dosseff-Conklin]*, 36 AD2d 352, 353).

Claims of Donald Hafele, Melvin Rhinebeck and Everett Rhinebeck.

These claims were reviewed and confirmed by Special Term. Having reviewed the evidence and the contentions of the parties, we conclude that Special Term properly affirmed the commission's award in each case. Since the commission's ultimate findings in these claims involve factual determinations which are supported by the evidence, we are not at liberty to set them aside, absent some significant showing of error (*see, Matter of Ford v Tompkins*, 91 AD2d 704; *Matter of Maguire [Plessl]*, 64 AD2d 745, *lv denied* 46 NY2d 707), which petitioners have failed to establish.

Order affirmed, with costs to claimants. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.