■ In the Matter of Providing a Water Supply for the CITY OF NEW YORK. ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Appellants; A. C. DE SILVA, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Smyk, J.), entered November 20, 1987 in Delaware County, which, in a proceeding pursuant to Administrative Code of the City of New York, chapter 51, title K, *inter alia,* granted claimant's cross motion to confirm a report of the Commissioners of Appraisal.

Now deceased, claimant worked as a self-employed carpenter, electrician, plumber, and refrigeration repairman in the vicinity of what is now the Pepacton Reservoir in Delaware County. In 1954 he filed a claim against the City of New York for loss of business allegedly due to condemnation proceedings and the ultimate construction of the reservoir. At the hearing, finally held in September 1986, claimant's widow, Audrey De Silva (hereinafter De Silva), and daughter, Patricia Maxium, testified in support of the claim. De Silva stated that though she was not involved in the finances of her husband's business, she did know that from the time the business began in 1934 it operated for six years without a profit and also that there had been a marked decline in claimant's business in 1951 and 1952; she and her daughter prepared a list shortly before trial of over 160 customers lost at that time. Maxium testified that at least 65% of claimant's business was in the area now occupied by the reservoir, that claimant told her in 1950 that he had a net income in the neighborhood of $7,000 which dropped to $2,500 after the city acquired the subject property, and that he did not completely recoup the lost business until 1959.

The Board of Water Supply of the City of New York (hereinafter the Board) offered no testimony other than general observations made by its expert for use in various claims involving the Pepacton and Cannonsville Reservoirs and moved to have the claim dismissed for failure to make out a prima facie case. The motion was denied and the Commissioners of Appraisal set claimant's loss of income at $1,100 times a multiple of four for an award of $4,400. Supreme Court's confirmation of the award prompted this appeal; we affirm.

The Board contends that there is no evidence linking the reservoir condemnation to claimant's loss of business or substantiating the $1,100 figure or the multiple of four. This contention ignores Maxium's testimony that 65% of claimant's business was realized in the now-flooded valley, the long list of lost customers based upon Maxium's memories of accompanying claimant on his jobs, and De Silva's recollection of phone calls requesting claimant's services. Contrary to the Board's assertion, we do not find it incredulous that although the witnesses had been supplied by claimant's counsel with a roster of names, their list was based upon their independent recall of the individuals in the small hamlets for whom claimant had worked. Though the probative value of the evidence produced is less than desired—that is understandable for this claim has been languishing for over 30

years—the evidence is sufficient to create a prima facie case, one which the Board declined to attempt to rebut and, absent a significant showing of error, will be allowed to stand *(see, Matter of Ford [Gladstone],* 111 AD2d 951, 953).

In arriving at its award, the Commissioners of Appraisal discounted Maxium's net income figures as well as the 1959 recovery date as hearsay. However, the fact that Maxium took college preparatory courses based upon claimant's representation that he anticipated being able to underwrite the cost of a college education for her and the description, scope and type of claimant's business, coupled with various statistics relating to economic activity in the area at the time, provide ample basis for accepting an annual loss of $1,100. The multiple of four, which represents the number of years required to establish the business *(Matter of Ford [Gotthardt],* 106 AD2d 839, 841), though unexplained by the Commissioners of Appraisal, is reasonable given De Silva's testimony that the business was unprofitable for its first six years, bearing in mind that only two thirds of the customers were lost.

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.