■ In the Matter of HORTENCIA MARTINEZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [672 NYS2d 898] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner ap-

peals from an order of the Supreme Court, Kings County (Held, J.), dated February 24, 1997, which denied the application.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in denying the petitioner's application for leave to serve a late notice of claim. Although the petitioner initially served a timely notice of claim on the City of New York, in which she alleged that she fell in the courtyard of the Marcy Housing Project due to "dangerous and defective conditions existing thereat", she failed to timely serve the proper agency, the respondent New York City Housing Authority (hereinafter the Housing Authority). She did not provide an adequate excuse for her failure to serve the Housing Authority and the notice to the City cannot be imputed to the Housing Authority (*see, Seif v City of New York,* 218 AD2d 595).

Additionally, the petitioner failed to establish that the Housing Authority timely acquired actual knowledge of the essential facts constituting her claim (*see, Matter of DiBella v City of New York,* 234 AD2d 366; *Matter of Shapiro v County of Nassau,* 208 AD2d 545). The petitioner contends that the Housing Authority had sufficient notice of her claim because the police assisted her at the scene of the accident and prepared a report. As a general rule, however, the fact that the police have knowledge of an occurrence cannot be imputed to another municipal agency (*see, Russ v New York City Hous. Auth.,* 198 AD2d 361), and there is no evidence in this record that the police report was disclosed to the Housing Authority. Furthermore, since the petitioner failed to produce a copy of the report, there is no proof in the record that the report would have provided adequate notice of the specific nature of her claim (*see, Matter of Shapiro v County of Nassau, supra*). Bracken, J. P., Miller, O'Brien and Copertino, JJ., concur.