■ In the Matter of MAHALIA HOBGOOD, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [677 NYS2d 176] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the New York City Housing Authority appeals from an amended order of the Supreme Court, Kings County (Steinhardt, J.), dated February 10, 1998, which granted the petition. The notice of appeal from the decision dated April 29, 1997, is deemed a premature notice of appeal from the amended order dated February 10, 1998 (*see, CPLR 5520 [c]*).

Ordered that the amended order is reversed, on the law, with costs, and the petition is denied.

The General Municipal Law allows for the exercise of considerable discretion in determining whether to permit service of a late notice of claim (*see,* General Municipal Law § 50-e [5]). In exercising its discretion, the court must focus on whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially preju-

dice the municipality in maintaining its defense on the merits (*see, Matter of Singh v City Univ.*, 223 AD2d 545, 546; *Matter of Farrell v City of New York,* 191 AD2d 698).

The Supreme Court improvidently exercised its discretion in granting the petitioner's application for leave to serve a late notice of claim. Although the petitioner initially served a timely notice of claim on the City of New York, she failed to serve the New York City Housing Authority (hereinafter the Housing Authority). She did not provide an adequate excuse for her failure to timely serve the Housing Authority, and the notice to the City cannot be imputed to the Housing Authority (*see, Matter of Martinez v New York City Hous. Auth.,* 250 AD2d 686). Additionally, the petitioner failed to establish that the Housing Authority timely acquired actual knowledge of the essential facts constituting her claim (*see, Matter of DiBella v City of New York,* 234 AD2d 366). Bracken, J. P., Copertino, Joy and McGinity, JJ., concur.