◼ In the Matter of Ismael Ruiz et al., Respondents, v New York City Housing Authority, Appellant. [707 NYS2d 904] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated July 8, 1998, which granted the petition.

◼ In the Matter of Ismael Ruiz et al., Respondents, v New York City Housing Authority, Appellant. [707 NYS2d 490] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated September 20, 1999, as, upon renewal, adhered to a prior determination in an order of the same court, dated July 8, 1998, granting the petition (*see, Matter of Ruiz v New York City Hous. Auth.,* 272 AD2d 402 [decided herewith]).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied, the proceeding is dismissed, and the order dated July 8, 1998, is vacated.

In determining whether to permit the service of a late notice of claim (*see,* General Municipal Law § 50-e [5]), the court must consider (1) whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or within a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in its defense on the merits (*see, Matter of Bollerman v New York City School Constr. Auth.,* 247 AD2d 469).

The petitioners failed to demonstrate that the appellant acquired actual knowledge of the essential facts of the claim within the requisite time frame. Notably, the notice of claim served upon the City of New York on December 24, 1997, cannot be imputed to the New York City Housing Authority (*see, Matter of Hobgood v New York City Hous. Auth.,* 253 AD2d 555; *Matter of Perry v City of New York,* 133 AD2d 692). The petitioners also failed to proffer a reasonable excuse for the delay in this case. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.