■ In the Matter of CORA LYERLY, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [725 NYS2d 362] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated August 3, 2000, which granted the petitioner's application for leave to serve a late notice of claim upon it.

Ordered that the order is reversed, on the law, with costs, and the application is denied.

The key factors to be considered in deciding an application for leave to serve a late notice of claim are whether the petitioner has demonstrated a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the public corporation's opportunity to investigate and defend against the claim was substantially prejudiced by the delay (*see, Matter of James v City of New York,* 242 AD2d 630). The petitioner failed to meet this standard.

The excuse proffered by the petitioner, an unelaborated contention of "law office inadvertence," is not acceptable. Furthermore, while the petitioner maintains that the appellant, New York City Housing Authority (hereinafter the Housing Authority), acquired actual knowledge of the claim based upon a notice of claim served upon the City of New York, notice to the City cannot be imputed to the Housing Authority (*see, Matter of Martinez v New York City Hous. Auth.,* 250 AD2d 686). Lastly, because the petitioner's contention that the Housing Authority would not be prejudiced by the grant of her application is predicated on the incorrect assumption that the Housing Authority acquired "actual knowledge of the essential facts constituting her claim" (General Municipal Law § 50-e [5]), she also failed to satisfy the third requirement. Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.