[798 NYS2d 360]

THE CADLE COMPANY, Appellant, v TRI-ANGLE ASSOCIATES et al., Defendants, and DONALD D. RODE, JR., Respondent.

First Department, April 26, 2005

### APPEARANCES OF COUNSEL

*Vlock & Associates, P.C.*, New York City (*Stephen Vlock* and *Steven P. Giordano* of counsel), for appellant.

*Morrison Cohen LLP*, New York City (*Danielle C. Lesser* and *Jay R. Speyer* of counsel), for respondent.

### OPINION OF THE COURT

SULLIVAN, J.

This appeal involves an attempt, by motion for summary judgment in lieu of complaint (CPLR 3213), to domesticate a Connecticut judgment against defendant Donald D. Rode, Jr., entered on default in the principal sum of $101,491.92 against said defendant and three others. The issue before us is whether the Connecticut court that entered the default had personal jurisdiction over Rode.

In 1988 Donald Rode, in his words a passive investor, entered into a partnership known as Tri-Angle Associates, with Thomas Delmonico and Christopher S. Rode, all of whom are also party defendants herein, for the purpose of purchasing a house in Waterbury, Connecticut. As part of the payment therefor, the partners executed a note in the sum of $175,000, secured by a purchase-money mortgage, in favor of People's Bank. The obligors defaulted and a foreclosure was thereafter commenced in 1993 in Connecticut. On or about August 1, 1994, a final judgment on default was entered in favor of People's Bank against all of the defendants in the principal sum of $101,491.92. In May 2002, as successor-in-interest by assignment from People's Bank, dated September 17, 1997, plaintiff commenced this action by the filing of a summons and motion for summary judgment in lieu of complaint. Donald Rode opposed and cross-moved to dismiss on the ground, inter alia, that the Connecticut court that rendered the judgment lacked personal jurisdiction.

Donald Rode claimed that he had not resided in Connecticut for approximately 10 years and that, while his codefendants

were served in the Connecticut action, he was never served with process or notified of the action; nor was he contacted by anyone. While a copy of process was served on the Connecticut Secretary of State, a copy mailed to his last known address in Connecticut was "returned to sender." The motion court referred the issue of service to a Special Referee to hear and report, holding plaintiff's motion in abeyance pending receipt of the report.

At the referee's hearing, Joseph Butler, a retired Deputy Sheriff of New Haven County, testified that he attempted service on Donald Rode at a Stamford, Connecticut address provided to the Sheriff's office, only to be told by a person at that address that Rode no longer lived there. Butler then mailed process to him at the Stamford address and, pursuant to Connecticut law, served the Secretary of State. The certified mail, with notations indicating that notices were left on November 22 and 30 and December 9, was returned as undeliverable. Butler then made further inquiry at an address at which "a couple of people [had been] served" and spoke to a woman he thought was named "Edna," who furnished him with a Manhattan forwarding address for Rode. Butler then went to the post office, from which process was re-sent to the Manhattan address in the same envelope previously returned as undeliverable. The Stamford address was crossed out and the Manhattan address was written on the left side of the envelope as "515 East 72nd St., Apt. 164, New York, NY, 10021." The envelope was returned, with notations indicating that a postal employee had left three notices of the attempted delivery of the certified letter and mailing, on December 28, 1993, January 2, 1994 and January 12, 1994, and that the addressee had failed to claim the letter and sign the certification. As the record shows, the envelope address incorrectly listed Rode's apartment number as 164, instead of 16H. Rode testified that he had never seen the Connecticut process until 2000, when he was served in the instant action, and that he had lived at 515 East 72nd Street in apartment 16H from the summer of 1993 until early 2001 but had never received the envelope in question. He did not know who "Edna" was.

Finding both witnesses credible, the Referee determined that the Deputy Sheriff "did not employ due diligence, and that defendant was not properly served." Thus, according to the Referee, Connecticut lacked personal jurisdiction over Donald Rode when the default judgment was entered against him. The Ref-

eree further found that when the Deputy Sheriff learned that Rode no longer lived at the Stamford address and obtained the Manhattan address, the Stamford address ceased being the last known address for service of process. Further, the Referee noted, the Deputy Sheriff did not know who Edna was, other than that she was connected to a codefendant, which should have put him on further inquiry. Nor did the Deputy Sheriff know how the incorrect apartment number for the Manhattan address had been placed on the envelope.

Plaintiff moved to reject the Referee's report and for summary judgment; Donald Rode cross-moved to confirm and for dismissal of the action. Supreme Court adopted the Referee's findings, confirmed the report and, holding that plaintiff failed to meet its burden of showing proper service, dismissed the action as against Rode for lack of personal jurisdiction. The court rejected plaintiff's claim of similarity in handwriting between the letter "H" and the number "4" in the apartment number "164" on the envelope as well as the argument that the claim of incorrect address was moot because the letter of transmittal was returned "unclaimed," rather than "moved" or "undeliverable." This appeal followed. We reverse.

New York courts are required to enforce judgments rendered in other states under article IV of the United States Constitution. The constitutional requirement of full faith and credit precludes any inquiry into the merits of the judgment, the logic or consistency of the decision underlying it or the validity of the legal principles on which it is based (*Fauntleroy v Lum*, 210 US 230 [1908]; *Roche v McDonald*, 275 US 449 [1928]; *Titus v Wallick*, 306 US 282 [1939]). While the merits of a judgment of a sister state may not be collaterally attacked, a judgment debtor may challenge the judgment on the basis of lack of personal jurisdiction (*JDC Fin. Co. I v Patton*, 284 AD2d 164, 166 [2001]). Once the issue of personal jurisdiction is raised, the judgment creditor has the burden of proving jurisdiction (*Ziperman v Frontier Hotel of Las Vegas*, 50 AD2d 581 [1975]). Judgment creditors may enforce their foreign judgments by motion for summary judgment in lieu of complaint (CPLR 5406).

Here, contrary to the Referee's finding, the Deputy Sheriff did, in fact, comply with the requirements of Connecticut law, which provides that when service is made on a nonresident,

process may be served on the Connecticut Secretary of State and mailed to the defendant's last known address.*

It is not open to dispute that the process server properly served the Connecticut Secretary of State. The only issue is whether process was then mailed to defendant's last known address. Due diligence is an issue only with regard to whether the "last-known address" could be ascertained and, contrary to the Special Referee's finding, is not an issue here because the envelope containing the process mailed to Donald Rode in Manhattan did bear his actual address (*see Prudential Home Mtge. Co., Inc. v Gajnos*, 1995 Conn Super LEXIS 3247, *8-9 [Conn Super Ct, Nov. 17, 1995]).

Moreover, the record fails to support the Referee's finding that the address written on the envelope was incorrect, given the fact that every facet of the actual residence address to which process was mailed was correct, with the exception of the last digit of the apartment number. This minor error on the envelope (apartment number 164 instead of number 16H) was inconsequential because it did not impair delivery (*see Augusta Lbr. & Supply v Sabbeth Corp.*, 101 AD2d 846 [1984]).

In that regard, the post office did not return the envelope as "undeliverable" or "no such apartment number" or with any other indication that the mailing had not reached its intended recipient. Rather, the envelope, with the notations "12-28," "1-2" and "1-12," was returned as "Unclaimed," which demonstrates no more than that the addressee failed to go to the post office to pick up a certified letter after three attempts had been made to deliver it and obtain his signature. That Donald Rode did not sign the certificate attesting to his receipt of the enve-

---

\* Connecticut General Statutes § 52-59b (c) provides:

"Any nonresident individual . . . over whom a court may exercise personal jurisdiction, as provided in subsection (a) of this section, shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the Secretary of the State and shall have the same validity as if served upon the nonresident individual . . . personally. The process shall be served by the officer to whom the same is directed upon the Secretary of the State by leaving with or at the office of the Secretary of the State, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at the defendant's last-known address, by registered or certified mail, postage prepaid, return receipt requested, a like true and attested copy with an endorsement thereon of the service upon the Secretary of the State."

lope containing process does not affect personal jurisdiction because service was deemed complete upon mailing, not delivery. Connecticut General Statutes § 52-59b (c) only requires mailing to the last known address for service to be complete (*Pitchell v City of Hartford,* 247 Conn 422, 434 n 16, 722 A2d 797, 803 n 16 [1999]). Here, the mailing was made to Rode's actual address. That he refused to claim the letter is of no moment and does not affect the validity of the process employed to obtain jurisdiction over him.

The issues Donald Rode raised other than lack of personal jurisdiction, never reached by Supreme Court in light of its ruling on the jurisdiction issue, are without merit.

Accordingly, the order of Supreme Court, New York County (Sherry Klein Heitler, J.), entered November 14, 2003, which denied plaintiff's motion to disaffirm the Special Referee's report and its motion for summary judgment in lieu of complaint, granted defendant Donald D. Rode, Jr.'s cross motion to confirm the report and dismissed the complaint for lack of personal jurisdiction, should be reversed, on the law, without costs or disbursements, the motion granted in all respects and the cross motion denied. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $101,491.92, with 10% interest from August 1, 1994.

BUCKLEY, P.J., NARDELLI, WILLIAMS and SWEENY, JJ., concur.

Order, Supreme Court, New York County, entered November 14, 2003, reversed, on the law, without costs or disbursements, plaintiff's motion to disaffirm the Special Referee's report and its motion for summary judgment in lieu of complaint granted in all respects, and defendant Donald D. Rode, Jr.'s cross motion to confirm the report denied. The Clerk is directed to enter judgment in favor of plaintiff, as indicated.