■ PHILLIP CARROLL, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [52 NYS3d 465]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated August 20, 2015, which granted the motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it on the ground that he failed to timely serve it with a notice of claim pursuant to General Municipal Law § 50-e, and denied his cross motion for an order deeming a notice of claim sent to the New York City Housing Authority to have been properly served.

Ordered that the order is reversed, on the law, with costs, the motion of the New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it is denied, and the plaintiff's cross motion for an order deeming the notice of claim sent to the New York City Housing Authority to have been properly served is granted.

The plaintiff allegedly sustained injuries when he tripped and fell while ascending exterior steps at premises owned and controlled by the defendant New York City Housing Authority (hereinafter NYCHA). The plaintiff directed notices of claim to both NYCHA and the defendant City of New York. The City successfully moved for summary judgment dismissing the complaint insofar as asserted against it. As pertinent to this appeal, NYCHA moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff failed to timely serve it with a notice of claim. The plaintiff opposed the motion and cross-moved for an order deeming the notice of claim sent to NYCHA to have been properly served. The Supreme Court granted NYCHA's motion and denied the plaintiff's cross motion. The plaintiff appeals.

A timely and sufficient notice of claim is a condition prece-

dent to asserting a tort claim against NYCHA (*see* General Municipal Law § 50-e [1] [a]; *Feliciano v New York City Hous. Auth.*, 123 AD3d 876, 877 [2014]; *Matter of Alvarez v New York City Hous. Auth.*, 97 AD3d 668, 668 [2012]; *see also Se Dae Yang v New York City Health & Hosps. Corp.*, 140 AD3d 1051, 1052 [2016]). "The purpose of the statutory notice of claim requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available" (*Vallejo-Bayas v New York City Tr. Auth.*, 103 AD3d 881, 882 [2013]; *see Avery v New York City Tr. Auth.*, 138 AD3d 770, 771 [2016]).

Here, the plaintiff served a notice of claim upon NYCHA. On its face, the notice of claim document was directed to "The New York City Housing Authority." The plaintiff sent the notice via certified mail. Service of a notice of claim by certified mail is complete "upon deposit of the notice of claim, enclosed in a postpaid *properly addressed* wrapper, in a post office or official depository under the exclusive care and custody of the United States post office department within the state" (General Municipal Law § 50-e [3] [b] [emphasis added]; *see Matter of Ford*, 111 AD2d 951 [1985]; *cf. Grinan v Santaella*, 89 AD2d 866 [1982]). Although the envelope containing the notice of claim was addressed to the "Comptroller of NYCHA" rather than just NYCHA itself, and NYCHA contends that it does not have a "Comptroller," this was followed by the correct address for NYCHA: "250 Broadway, 9th Floor, New York, New York, 10007." A certified mail return receipt was attached to the envelope and the notice of claim was timely mailed from a post office on September 27, 2013. Inexplicably, however, the envelope containing the notice of claim was re-routed to the Comptroller of the City of New York, which is located at 1 Centre Street, New York, New York, 10007, an entirely different address than that of NYCHA. The notice of claim was delivered to the Comptroller on October 2, 2013, five days after it was mailed, and the return receipt was signed by an employee of the Comptroller and returned to the office of the plaintiff's attorney.

Based upon NYCHA's street address on the envelope, NYCHA was entitled to either open the envelope or, if NYCHA did not think it was appropriate to open the envelope because of the words "Comptroller of" in front of "NYCHA," reject the delivery (*cf. Cadle Co. v Tri-Angle Assoc.*, 18 AD3d 100, 103 [2005]). Had the envelope been opened, NYCHA would have confirmed that the notice of claim document did not state

"Comptroller of NYCHA." To the contrary, the notice of claim document properly listed both the "Comptroller of the City of New York" and "The New York City Housing Authority," because the plaintiff was also filing a claim against the City of New York. Had the envelope been rejected by NYCHA, the plaintiff would have been notified that NYCHA did not receive the notice of claim, and thereby provided an opportunity to resend the notice of claim or, if necessary, seek leave to serve a late notice of claim.

Significantly, NYCHA submitted an affidavit from a deputy general counsel for the Comptroller of the City of New York (hereinafter the Comptroller), who confirmed that the re-routed notice of claim was delivered to the Comptroller, notwithstanding that the envelope bore NYCHA's address, and that an employee of the Comptroller signed for the package. This deputy general counsel went on to aver that the Comptroller does not accept service of legal documents on NYCHA's behalf.

However, neither the affidavit nor any other submissions by NYCHA explain why an employee of the Comptroller would have signed for an envelope that included NYCHA in the recipient line and contained NYCHA's street address. Moreover, nothing about the signature on the return receipt indicated that the person who signed for the envelope actually was employed by the Comptroller rather than NYCHA, where the plaintiff had mailed the notice.

As pertinent to this appeal, General Municipal Law § 50-e (3) (a) provides that the notice of claim should be mailed "to the person designated by law as one to whom a summons in an action . . . may be delivered." Although the statute requires that the notice be mailed to the designated "person," this generally refers to the public authority or government entity itself rather than a particular person employed thereby (*see generally Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606, 608, 610 [2005]; *Peters-Heenpella v Wynn*, 105 AD3d 725, 725-726 [2013]; *Matter of Moore v New York City Hous. Auth.*, 35 AD2d 553, 553 [1970]; *cf.* CPLR 311, 312). Here, there is no real dispute that simply writing "NYCHA" on the envelope would have satisfied the requirements of the statute.

Further, while NYCHA contends that there is no such person or entity as the "Comptroller of the NYCHA," a "comptroller" is simply an officer of a municipal corporation, like NYCHA, "who is charged with duties [usually] relating to fiscal affairs, including auditing and examining accounts and reporting the financial status periodically" (Black's Law Dictionary 347 [10th ed 2014]). In any event, the minor misnomer on the envelope

need not be fatal to the action, especially where, as here, the plaintiff's attorney properly mailed the same notice of claim form to both the Comptroller and NYCHA in order to assert a claim against both the City of New York and NYCHA, and the notice of claim itself named NYCHA.

Under these circumstances, we find that the envelope was properly addressed within the meaning of General Municipal Law § 50-e (3) (b) and the plaintiff properly served the notice of claim upon NYCHA within the requisite 90-day statutory period (*see* General Municipal Law § 50-e [1], [3] [b]; *cf. Grinan v Santaella*, 89 AD2d 866 [1982]; *Montana v Incorporated Vil. of Lynbrook*, 23 AD2d 585, 585 [1965]).

Accordingly, the Supreme Court should have denied NYCHA's motion for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiff's cross motion for an order deeming the notice of claim sent to NYCHA to have been properly served. Hinds-Radix, Maltese and Barros, JJ., concur.

Dillion, J.P., dissents, and votes to affirm the order, with the following memorandum: I respectfully dissent and vote to affirm the Supreme Court's dismissal of the plaintiff's complaint insofar as asserted against the New York City Housing Authority (hereinafter NYCHA).

As noted by my colleagues in the majority, General Municipal Law § 50-e (3) (b) requires that notices of claim be "properly addressed" to the intended municipal corporation. Further, General Municipal Law § 50-e (3) (a) requires that the notice of claim be "to the person designated by law as one to whom a summons in an action . . . may be delivered." Here, the plaintiff's notice of claim was addressed to a person that allegedly did not exist—the Comptroller of NYCHA—and therefore was not properly addressed and not delivered to a proper designated municipal agent. These errors are fatally significant, as they contributed to the circumstances where the notice of claim was not recorded in the NYCHA service log and was instead forwarded to the Comptroller of the City of New York. Since the Office of the Comptroller of the City of New York is a separate jural entity, the notice of claim received and acknowledged by it cannot be imputed to the defendant, NYCHA (*see Khela v City of New York*, 91 AD3d 912, 914 [2012]; *Singh v City of New York*, 88 AD3d 864, 865 [2011]; *Matter of Lyerly v City of New York*, 283 AD2d 647, 648 [2001]; *Matter of Hobgood v New York City Hous. Auth.*, 253 AD2d 555, 556 [1998]).

Since the plaintiff failed to properly address his notice of claim to the proper municipal designee as required by statute,

and the certified mail receipt card was signed by an employee of the Comptroller of the City of New York, the plaintiff failed to fulfill the purpose and intent of the statute of affording NYCHA an opportunity to investigate the claim (*see generally Vallejo-Bayas v New York City Tr. Auth.*, 103 AD3d 881, 882 [2013]).

The plaintiff's remaining contentions are without merit. Accordingly, the Supreme Court properly granted NYCHA's motion for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion for an order deeming the notice of claim to have been properly served.