Unitrin Advantage Ins. Co. v Cohen & Kramer M.D., P.C. (2020 NY Slip Op 06474)





Unitrin Advantage Ins. Co. v Cohen & Kramer M.D., P.C.


2020 NY Slip Op 06474


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 152019/18 Appeal No. 12356 Case No. 2020-02254 

[*1]Unitrin Advantage Insurance Company, Plaintiff-Appellant,
v
Cohen & Kramer M.D., P.C., Defendant-Respondent.


Goldberg, Miller & Rubin, P.C., New York (Harlan R. Schreiber of counsel), for appellant.
Slotnick & Ashkenazy, LLP, Rockville Centre (Howard J. Stern of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about August 1, 2019, which, in this action pursuant to Insurance Law § 5106(c) for de novo review of a master arbitrator's award, denied plaintiff insurer's motion for summary judgment declaring it has no obligation to pay no-fault benefits to defendant medical provider, and granted defendant's cross motion for summary judgment confirming the arbitration award, unanimously reversed, on the law, without costs, to grant plaintiff's motion and to deny defendant's cross motion. The Clerk is directed to enter judgment declaring in plaintiff's favor.
Plaintiff insurer's evidence, including affidavits attesting in detail to the regular business procedures and practices in the handling of its no-fault claims, including providing notice of scheduled IME exams to claimants, together with the mailing ledgers, which were signed and date-stamped by U. S. Postal Service employees, and listed therein IME notices received for mailing to the claimant here at his resident address, provided sufficient proof of proper mailing to support a presumption that the IME notices were received by the claimant (see Badio v Liberty Mut. Fire Ins. Co., 12 AD3d 229 [1st Dept 2004]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2d Dept 2001]). Although the notices incorrectly added the designation "1st Floor" to the address, there is no dispute that the address was otherwise correct and that claimant resided at that building (see Cadle Co. v Tri-Angle Assoc., 18 AD3d 100 [1st Dept 2005]).
The burden on the motion having shifted, defendant failed to offer any evidence in opposition, such as an affidavit from the claimant disavowing receipt of the IME notices or even describing the building composition in a manner that would support an inference that the inclusion of a floor in the address would result in nonreceipt. Plaintiff thus established that the injured claimant failed to appear for three properly scheduled IMEs, constituting breach of a condition precedent to no-fault coverage, warranting the denial of defendant's claims to no-fault benefits for its medical services rendered to the claimant (see 11 NYCRR 65-1.1; Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559 [1st Dept 2011], lv denied 17 NY3d 705 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020