Matter of Richards v Allied Universal Sec. (2022 NY Slip Op 01795)





Matter of Richards v Allied Universal Sec.


2022 NY Slip Op 01795


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.


2019-05088
2019-05089
 (Index No. 717730/18)

[*1]In the Matter of Alroy Richards, appellant,
v
Allied Universal Security, etc., et al., respondents.


Alroy Richards, Valley Stream, NY, appellant pro se.
Eckert, Seamans, Cherin & Mellott, LLC, White Plains, NY (Riyaz G. Bhimani and David C. Hamilton of counsel), for respondent Allied Universal Security.
Eustace, Prezioso & Yapchanyk, New York, NY (Justin V. Buscher of counsel), for respondent Hillside Manor Rehabilitation.
Caroline J. Downey, Bronx, NY (Marilyn Balcacer of counsel), for respondent New York State Division of Human Rights (no brief filed).



DECISION & ORDER
In a proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated September 26, 2018, dismissing the petitioner's administrative complaint, the petitioner appeals from (1) an order of the Supreme Court, Queens County (Ulysses Leverett, J.), dated December 20, 2018, and (2) a judgment of the same court entered February 19, 2019. The judgment, in effect, denied the petition dated January 2, 2019, and dismissed the proceeding on the ground that it was time-barred.
ORDERED that the appeal from the order is dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248); and it is further,
ORDERED that the judgment is reversed, on the law, the petition dated January 2, 2019, is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the petition; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The petitioner filed a complaint with the New York State Division of Human Rights (hereinafter the NYSDHR) alleging that the respondent Allied Universal Security (hereinafter Allied) unlawfully discriminated against him. In a determination and order after investigation dated September 26, 2018, the NYSDHR found no probable cause to believe that Allied had engaged or was engaging in the unlawful discriminatory practices complained of, and dismissed the administrative complaint.
The petitioner commenced this proceeding in or about November 2018 seeking review of the NYSDHR's determination pursuant to Executive Law § 298. In a petition dated [*2]November 19, 2018, the petitioner, pro se, named Allied and Hillside Manor Rehabilitation and Extended Care Facility (hereinafter Hillside) as respondents, but failed to name the NYSDHR. Notwithstanding that failure, the petitioner served the NYSDHR with the notice and petition. The NYSDHR filed an answer to the petition, and raised, as an objection in point of law, the failure to name it as a party to the proceeding. In an order dated December 20, 2018, the Supreme Court directed dismissal of the petition dated November 19, 2018, without prejudice, for failure to name the NYSDHR as a necessary party.
The petitioner filed another petition, dated January 2, 2019, which named the NYSDHR as a respondent. In its answer to the petition, Allied asserted as an affirmative defense that the petition was untimely, as it was filed more than 60 days after service of the administrative order. In a judgment entered February 19, 2019, the Supreme Court, in effect, denied the petition and dismissed the proceeding on the ground that it was untimely. The petitioner appeals.
Judicial review of an order issued by the NYSDHR resolving a complaint made under the New York Human Rights Law is obtainable by commencing a special proceeding pursuant to Executive Law § 298, so long as the proceeding is instituted within 60 days after the service of the administrative order (see Executive Law § 298; 22 NYCRR 202.57[a]). Here, the Supreme Court erred in dismissing the proceeding as time-barred. Allied bore the burden of establishing its affirmative defense by presenting evidence that the proceeding was time-barred, but Allied failed, among other things, to submit proof of when the petitioner was served with the administrative order (see Matter of City of Mount Vernon v OMRDD, 56 AD3d 771; Matter of Chrysler v Goord, 49 AD3d 1342, 1343; Matter of Edwards v Coughlin, 191 AD2d 1044, 1045; cf. Grinan v Santaella, 89 AD2d 866, 867). Accordingly, the court should not have denied the petition dated January 2, 2019, and dismissed the proceeding on this ground.
Therefore, we reverse the judgment, reinstate the petition dated January 2, 2019, and remit the matter to the Supreme Court, Queens County, for further proceedings on the petition.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court