■ In the Matter of AVELINO PERRY, Appellant, v CITY OF NEW YORK, Respondent.—In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 12, 1986, which denied the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court, Kings County, properly exercised its

discretion in denying the petitioner's application for leave to serve a late notice of claim upon the City of New York *(see, Matter of Malla v City of New York,* 129 AD2d 580).

In deciding whether leave to file a late notice of claim should be granted, the key factors are whether the petitioner has demonstrated a reasonable excuse for failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose (General Municipal Law § 50-e [1]) or a reasonable time thereafter and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits *(Braverman v City of White Plains,* 115 AD2d 689, 690).

In the instant case, the petitioner has failed to adequately explain the delay in filing the application for leave to serve a late notice of claim approximately 14 months after the date of his accident. The petitioner failed to provide any medical records and the medical affidavit submitted was inadequate in that it accounted for only two months of the petitioner's delay *(see, Fox v City of New York,* 91 AD2d 624; *Klobnock v City of New York,* 80 AD2d 854).

Nor may the petitioner claim that the City of New York had notice of the accident by reason of police "Aided Report" made immediately after the accident since police reports are insufficient to satisfy the requirement of actual knowledge *(Braverman v City of White Plains,* 115 AD2d 689, *supra; Caselli v City of New York,* 105 AD2d 251; *Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767). Likewise, the petitioner's failure to identify the city employee to whom he allegedly reported his accident in February 1985 negates the claim that the city had notice of the incident *(Matter of Raczy v County of Westchester,* 95 AD2d 859).

Finally, although the respondent did not clearly demonstrate prejudice due to the 14-month delay *(Matter of Bensen v Town of Islip,* 99 AD2d 755, *appeal dismissed* 62 NY2d 798), there is a very real danger that changed conditions would prevent an accurate reconstruction of the circumstances existing at the time the accident occurred *(see, Kravitz v County of Rockland,* 112 AD2d 352, *affd* 67 NY2d 685). The petitioner's contention that the premises remain unchanged does not negate this principle *(see, Mazza v City of New York,* 112 AD2d 921; *Matter of Malla v City of New York, supra; Martire v City of New York,* 129 AD2d 567). Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.