■ In the Matter of STEPHEN FRICK, Also Known as STE-PHEN D. COLLINS, Appellant, v INCORPORATED VILLAGE OF HEMPSTEAD et al., Respondents. [595 NYS2d 830] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Nassau County (Kohn, J.), entered November 16, 1990, which denied his application.

Ordered that the order is affirmed, with costs.

On March 15, 1990, the petitioner was injured in an accident while riding his motorcycle. Immediately prior to the accident, the petitioner was being pursued for speeding and reckless driving by an unmarked police car, which had its siren on and lights flashing. On or about July 23, 1990, the petitioner brought this proceeding for leave to serve a late notice of claim, asserting that he was unable to file a timely notice of claim because he was physically incapacitated. The court denied the application. We affirm.

In support of the petitioner's claim, his physician stated in an affidavit that the petitioner had been hospitalized, required "open reduction and internal fixation of his ankle", suffered great pain and "for many weeks" was on heavy medication. The petitioner, however, claimed in his own affidavit merely that he was hospitalized for approximately one week. In any event, these allegations failed to explain with any particularity the extent of the delay and did not demonstrate why the petitioner was prevented from filing a timely notice of claim (see, Matter of Perry v City of New York, 133 AD2d 692; Carroll v City of New York, 130 AD2d 702; Giordano v New York City Hous. Auth., 128 AD2d 671; Matter of Klobnock v City of New York, 80 AD2d 854). Moreover, the petitioner failed to establish that the respondents were not prejudiced by the lack of a timely notice of claim. The police accident report contained no facts suggesting any basis for imposing liability

on any of the respondents *(see, Matter of Perry v City of New York, supra; Braverman v City of White Plains,* 115 AD2d 689; *Caselli v City of New York,* 105 AD2d 251, 255). Finally, under the particular circumstances of this case, the court did not improvidently exercise its discretion in considering, in addition to the aforementioned factors, the patent lack of merit to the petitioner's claim. Lawrence, J. P., Eiber, O'Brien and Ritter, JJ., concur.