■ In the Matter of ERNEST EALEY et al., Appellant, v CITY OF NEW YORK, Respondent. [612 NYS2d 445] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve late notices of claim or to have notices of claim deemed timely served nunc pro tunc, the petitioners appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 27, 1992, which denied their petitions.

Ordered that the order is affirmed, with costs.

Although the petitioners' alleged claims accrued on June 30, 1990, they did not serve notices of claim upon the respondent until more than 13 months later. In their subsequent requests for leave to serve late notices of claim or to have the notices deemed timely served, the petitioners merely attributed the delay to their ignorance of the notice of claim requirement and their failure to promptly contact an attorney regarding the incident. These proffered explanations failed to constitute

a reasonable excuse for the delay *(see, Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818; *Matter of Gandia v New York City Hous. Auth.,* 173 AD2d 824; *Matter of Mallory v City of New York,* 135 AD2d 636). Moreover, the filing of various incident and injury reports with distinct municipal entities did not constitute adequate notice to the respondent of the particular claims of the petitioners and failed to afford the respondent a sufficient opportunity to promptly investigate the claims *(see, Washington v City of New York,* 72 NY2d 881; *Brown v New York City Tr. Auth.,* 172 AD2d 178). Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying the petitions. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.