■ In the Matter of YVETTE SOSA, Appellant, v CITY OF NEW YORK, Respondent. [614 NYS2d 50] —In a proceeding pursuant to

General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals (1) from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated May 15, 1991, which denied her application, and (2) as limited by her brief, from so much of an order of the same court, dated July 30, 1992, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment dated May 15, 1991, is dismissed, as it was superseded by the order dated July 30, 1992, made upon reargument; and it is further,

Ordered that the order dated July 30, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The key factors in determining whether leave to file a late notice of claim should be granted are whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual (see, General Municipal Law § 50-e [1]) or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see, Carbone v Town of Brookhaven, 176 AD2d 778; Matter of Perry v City of New York, 133 AD2d 692, 693).

In the case at bar, the plaintiff allegedly fell on a public sidewalk on November 10, 1990. On November 19, 1990, she retained a law firm to represent her in serving a claim against the City of New York. Her attorneys' law office failure to serve a timely notice of claim cannot be excused under the circumstances presented here. There is no evidence supporting the petitioner's contention that the City received actual notice of the claim within the requisite 90 day time period, and there is no evidence rebutting the City's contention that it would suffer prejudice in its ability to conduct a timely investigation of the purported claim.

Accordingly, the Supreme Court did not act improvidently in denying the petitioner's application for leave to serve a late notice of claim. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.