■ In the Matter of TIMOTHY BUDDENHAGEN, Appellant, v TOWN OF BROOKHAVEN et al., Respondents. [622 NYS2d 547] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated September 17, 1993, which denied his application.

Ordered that the order is affirmed, with costs.

"The key factors in determining whether leave to [serve] a late notice of claim should be granted are whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual (see, General Municipal Law § 50-e [1]) or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining

its defense on the merits" *(Matter of Sosa v City of New York,* 206 AD2d 374).

Although the petitioner's alleged claim accrued on October 2, 1992, he did not attempt to serve a notice of claim until May 1993 which is almost eight months later. Furthermore, he did not consult an attorney until January 28, 1993, by which time the period within which he was required to have served a notice of claim had already expired.

The petitioner contends that he did not timely consult an attorney because he believed that Workers' Compensation was his sole remedy for the injury, and he was ignorant of the possibility of recovering from the respondents. These are insufficient grounds to constitute a reasonable excuse for the delay *(see, Matter of Ealey v City of New York,* 204 AD2d 720). In addition, the petitioner failed to show that the respondents timely acquired knowledge of the accident.

Under these circumstances, the Supreme Court did not act improvidently in denying the petitioner's application for leave to serve a late notice of claim. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.