■ In the Matter of THOMAS J. O'DOWD et al., Appellants, v CITY OF NEW YORK et al., Respondents. [641 NYS2d 541] —In a proceeding pursuant to General Municipal Law § 50-e (5) and Public Authorities Law § 1212 for leave to serve late notices of claim upon the City of New York, the City of New York Department of Transportation, and the New York City Transit Authority, the petitioners appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 26, 1994, which denied the application.

Ordered that the order is affirmed, with one bill of costs.

The key factors in determining whether to permit service of a late notice of claim are whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the parties on whom service is to be made acquired actual knowledge of the essential facts constituting the claim within 90 days of accrual (*see,* General Municipal Law § 50-e [1]) or a reasonable time thereafter, and whether the delay would substantially prejudice the parties so served in maintaining their defense on the merits (*see, Matter of Buddenhagen v Town of Brookhaven*, 212 AD2d 605; *Pecchio v National Safety Envtl.*, 211 AD2d 773; *Matter of O'Mara v Town of Cortlandt*, 210 AD2d 337).

Although the alleged claim in this case accrued on or about July 29, 1993, the petitioner did not attempt to serve notices of claim on the City of New York and the New York City Transit Authority until March 23, 1994, and March 25, 1994, respectively. Furthermore, the argument of the petitioner Thomas J. O'Dowd that he believed that Workers' Compensation was his sole remedy for his injury prior to conferring with an attorney does not constitute a reasonable excuse for the delay (*see, Matter of Buddenhagen v Town of Brookhaven, supra; Matter of Ealey v City of New York*, 204 AD2d 720). In addition, the

petitioners' reliance upon a police report to establish that the respondents would not be substantially prejudiced by service of late notices of claim is not persuasive (*see, Ribeiro v Town of N. Hempstead,* 200 AD2d 730; *Matter of Dube v City of New York,* 158 AD2d 457). Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.