■ In the Matter of GWENDOLYN PRUDEN, Appellant, v NEW YORK CITY BOARD OF EDUCATION et al., Respondents. [652 NYS2d 96] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated November 6, 1995, which denied her application.

Ordered that the order is affirmed, with costs.

In determining whether leave to serve a late notice of claim should be granted, it has been repeatedly held that a court should consider the following key factors: whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*Matter of Buddenhagen v Town of Brookhaven,* 212 AD2d 605; *Matter of Sosa v City of New York,* 206 AD2d 374; *Matter of Shapiro v County of Nassau,* 208 AD2d 545; *Matter of Strauss v New York City Tr. Auth.,* 195 AD2d 322).

Here, the petitioner has failed to provide a reasonable excuse for her excessive delay in serving her notice of claim. Even after she found out how serious her injury was, she still delayed another four months before commencing this proceeding. The

petitioner also failed to establish that the respondents acquired actual knowledge of the facts of this matter within 90 days of the incident upon which the claim is based or a reasonable time thereafter. Furthermore, the respondents have been greatly prejudiced by the petitioner's unexplained delay by being deprived of the opportunity to conduct a timely and meaningful investigation of this matter (*see, Matter of Light v County of Nassau,* 187 AD2d 720; *Matter of Wertenberger v Village of Briarcliff Manor,* 175 AD2d 922; *Caselli v City of New York,* 105 AD2d 251). Accordingly, the application was properly denied. Bracken, J. P., Thompson, Pizzuto and Luciano, JJ., concur.