■ In the Matter of VICTOR BRITO, Appellant, v CITY OF NEW YORK et al., Respondents. [654 NYS2d 168] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated February 1, 1996, which denied his application.

Ordered that the order is affirmed, with costs.

"The key factors in determining whether leave to [serve] a late notice of claim should be granted are whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual (*see*, General Municipal Law § 50-e [1]) or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits" (*Matter of Sosa v City of New York*, 206 AD2d 374).

The petitioner's alleged claim accrued on November 22, 1994, and he did not attempt to serve a notice of claim until September 1995, which is over nine months later. The petitioner contends that he believed Workers' Compensation was his sole remedy for the injury and that he was unaware of the possibility of recovering from the respondents. These are insufficient grounds to constitute a reasonable excuse for the delay (*see, Matter of Buddenhagen v Town of Brookhaven*, 212 AD2d 605). Moreover, the petitioner failed to show that the respondents timely acquired knowledge of the accident.

Under these circumstances, the Supreme Court did not act improvidently in denying the petitioner's application for leave to serve a late notice of claim. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.