■ In the Matter of WINSTON DUKE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [656 NYS2d 885] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Kings County (Barasch, J.), dated March 14, 1996, which granted the petition.

Ordered that the order is reversed, with costs, the application is denied, and the petition is dismissed.

The key factors to be considered in deciding an application for leave to serve a late notice of claim are whether the petitioner demonstrated a reasonable excuse for the delay, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the ability of the municipality to investigate and defend against the claim was substantially prejudiced by the delay (Matter of O'Mara v Town of Cortlandt, 210 AD2d 337, 338; Matter of Sosa v City of New York, 206 AD2d 374; Matter of Perry v City of New York, 133 AD2d 692).

The petitioner did not give a reasonable excuse for failing to serve his notice of claim in a timely fashion, and failed to show that the appellant New York City Housing Authority (hereinafter NYCHA) had actual knowledge of the accident within the 90-day period, or a reasonable time thereafter. The NYCHA is prejudiced as it was not permitted to conduct a prompt investigation of the claim against it, and therefore the application for leave to file a late notice of claim should have been denied. Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.