■ In the Matter of LUZ RESTO, Respondent, v CITY OF NEW YORK, Appellant. [658 NYS2d 416] —In a proceeding, *inter alia,* for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the City of New York appeals from an order of the Supreme Court, Richmond County (Leone, J.), dated October 13, 1995, which granted the claimant's motion for leave to serve a late notice of claim and to commence an action against the Board of Education of the City of New York and the City of New York prior to a statutory hearing pursuant to General Municipal Law § 50-h.

Ordered that the appeal from the provision of the order which is against the Board of Education of the City of New York is dismissed on the ground that the City of New York is not aggrieved thereby and the Board of Education of the City of New York is not a party to this appeal *(see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, as a matter of discretion, and that branch of the claimant's motion which was for leave to serve a late notice of claim and to commence an action against the City of New York is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

On July 8, 1993, the claimant was injured as a passenger in a school bus accident in which the bus went through a stop sign, through an intersection, onto a curb, through a two-foot high brick wall, and then crashed into a building entrance. The claimant filed a notice of claim dated September 28, 1993, against the Board of Education of the City of New York in which she asserted that it was vicariously liable for, *inter alia,* the negligent and reckless operation of the bus.

Subsequently, the claimant retained a new attorney who, 14 months after the accident, moved, *inter alia,* for leave to serve a late notice of claim against the City of New York asserting a claim that the City was negligent in failing to install a guardrail at the location in question and that, had a guardrail been present, it "would have greatly decreased or eliminated" her injury. The Supreme Court, without explanation, granted the application. In the exercise of our discretion, we determine that the claimant's motion should be denied and, accordingly, we reverse.

In determining whether leave to serve a late notice of claim should be granted, a court should consider, as key factors, whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits *(see, Matter of Pruden v New York City Bd. of Educ.,* 235 AD2d 426; *Matter of Buddenhagen v Town of Brookhaven,* 212 AD2d 605).

Here, the claimant has failed to provide a reasonable excuse for her delay in serving the City of New York with a notice of claim. In this respect, her claim that she was unable to file a timely notice of claim "[d]ue to her extensive injury and severe

physical disability", is negated in light of her having filed a timely notice of claim against the Board of Education.

Moreover, neither the Police Accident Report nor the Fire Department Operations Report relied upon by the claimant as providing the City with notice of the claim make any mention of roadway conditions, design defects, or lack of a guardrail as possible causes of the accident. Those reports, therefore, did not furnish the City with actual knowledge of the essential facts constituting this belated claim *(see, Matter of Finneran v City of New York,* 228 AD2d 596; *Matter of Zbryski v City of New York,* 147 AD2d 705).

The claim against the City is premised on an entirely different theory than the one underlying the claim against the Board of Education. Thus, under the facts of this case, the plaintiff's theory that a guardrail would have greatly decreased or eliminated her injury is not only conclusory and speculative *(see, Sherwood v State of New York,* 238 AD2d 396; *Sangirardi v State of New York,* 205 AD2d 603), but could not have been reasonably anticipated by the City. Moreover, considering that critical elements have changed—particularly, the brick wall into which the bus crashed—which bear on the plaintiff's theory against the City, it would be unfair and prejudicial to require the City to defend a claim of this nature. This is true not only because the plaintiff's belated guardrail theory is speculative, but because a theory of this kind involves elaborate measurements as to angles, speed, and deflections, much of which depends on the discovery of witnesses and their recall *(see, Sherwood v State of New York, supra).*

The unexcused delay and the passage of time has deprived the City of the opportunity to find witnesses promptly or otherwise conduct a timely and meaningful investigation of this matter on this belated theory. The City will be disadvantaged by having to reconstruct an accident scene without the advantages of having access to or knowledge of witnesses, measurements, speed, and the physics of the accident. Accordingly, the claimant's motion should have been denied. Rosenblatt, J. P., Ritter and Santucci, JJ., concur.

Goldstein, J., concurs in part and dissents in part, and votes to dismiss the appeal from the provision of the order which is against the Board of Education of the City of New York, and to affirm the order insofar as reviewed, with the following memorandum, with which Miller, J., concurs: The key factors in determining whether to permit service of a late notice of claim are whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the

municipal defendant acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in maintaining their defense on the merits *(see, Matter of O'Dowd v City of New York,* 226 AD2d 642; *Matter of Buddenhagen v Town of Brookhaven,* 212 AD2d 605; *Matter of Sosa v City of New York,* 206 AD2d 374, 375; *Matter of Perry v City of New York,* 133 AD2d 692, 693). Taking into account all of the relevant factors in this case, the order appealed from granting the claimant leave to serve a late notice of claim against the City of New York was a proper exercise of discretion.

The claimant was rendered a quadriplegic as a result of the school bus accident. The City of New York does not dispute that it had actual knowledge of the accident within 90 days after the claim arose. Further, there is evidence in the record that the City of New York had actual notice of the alleged hazardous nature of the intersection prior to the accident. Although the City of New York contends that it did not have actual knowledge of the nature of the claim, lack of specific notice of a nontransitory defect is not fatal, since such conditions do not change over time and the mere passage of time does not deprive the municipality of an opportunity to investigate the claim *(see, Aviles v City of New York,* 202 AD2d 530; *Shea v Incorporated Vil. of Head of Harbor,* 180 AD2d 675).

In the instant case, the claim is premised on an alleged design defect that, if a guardrail had been present on city property at the location of the incident, it would have "eliminated or greatly decreased the impact and subsequent injury to the claimant". With respect to this claim of an alleged design defect, "there is no real danger of changed circumstances in this case which would prevent an accurate reconstruction of the circumstances existing at the time the accident occurred" *(Fenton v County of Dutchess,* 148 AD2d 573, 576). Indeed, the City of New York does not dispute that a guardrail was not present at the time of the accident, and it does not contend that the design of the roadway changed between the time of the accident and the time that the application for leave to serve a late notice of claim was brought. The majority's contention that "critical elements have changed" is unsupported by the record.

The majority notes that the brick wall changed when the bus crashed into it, but that "change" occurred immediately upon impact, well within the 90-day period for serving a notice of claim. Therefore, that change is not evidence of prejudice

resulting from failure to serve a timely notice of claim. Since the absence of a guardrail is not disputed, the claim is based on whether a design defect exists, which is beyond the expertise of the average eyewitness. In addition, eyewitnesses could not be expected to testify as to "elaborate measurements as to angles, speed and deflections". The majority's contention that the City of New York was prejudiced because it could not "find witnesses promptly" is pure speculation.

Further, in this case, a photograph of the accident site was taken in close proximity to the time of the accident and that photograph is included in the record and was attached to the timely notice of claim served upon the Board of Education of the City of New York (see, Lozada v City of New York, 189 AD2d 726). Thus, the City of New York can reconstruct the accident scene. It has failed to demonstrate any prejudice arising from the failure to serve a timely notice of claim upon it (see, Matter of DeMolfetto v City of New York, 216 AD2d 295).

Where there is no prejudice, the court clearly has the discretion to grant leave to serve a late notice of claim, even if there is no reasonable excuse for the delay (see, Matter of Lawrence v County of Sullivan, 233 AD2d 609; Matter of Esposito v Carmel Cent. School Dist., 187 AD2d 854; Matter of Frazzetta v Rondout Val. Cent. School Dist., 166 AD2d 843; Fenton v County of Dutchess, 148 AD2d 573, supra). This Court has found that, in the absence of prejudice, there is "no reason to substitute our discretion for that of the Supreme Court" (Matter of Irizarry v New York City Hous. Auth., 167 AD2d 466, 467; see, Matter of Jones v New York City Hous. Auth., 198 AD2d 211).

The majority further states that the petitioner's assertions in support of her claim are "conclusory and speculative". However, it is well settled that the petitioner had no obligation to present a prima facie case, as the merits of the claim are not a factor to be considered in determining the application for leave to serve a late notice of claim (see, Matter of Fritsch v Westchester County Dept. of Transp., 170 AD2d 602).

Accordingly, the determination of the Supreme Court should be left undisturbed.

The appellant acknowledges that, at the time the claimant's application was made, the appellant's "right to demand an examination pursuant to [General Municipal Law] § 50-h had not yet arisen, much less any question of compliance with such demand". Thus, commencement of an action against the appellant was not precluded by General Municipal Law § 50-h (5) (see, McCormack v Port Washington Union Free School Dist., 214 AD2d 546; Alouette Fashions v Consolidated Edison Co.,

119 AD2d 481, *affd* 69 NY2d 787). However, the claimant is not excused from complying with a demand by the appellant for an examination pursuant to General Municipal Law § 50-h, once such a demand is made.