■ In the Matter of DENIS LANDA, Appellant, v CITY OF NEW YORK et al., Respondents. [675 NYS2d 377] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the

Supreme Court, Kings County (R. Goldberg, J.), dated April 25, 1997, which denied the petition.

Ordered that the order is affirmed, with costs.

In determining whether to permit late service of the petitioner's notice of claim, the Supreme Court properly considered whether there was a reasonable excuse for the delay, whether the respondents acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the respondents' defense would be substantially prejudiced by the delay (*see, Matter of Resto v City of New York,* 240 AD2d 499; *Matter of Pruden v New York City Bd. of Educ.,* 235 AD2d 426). The petitioner failed to come forward with a valid and reasonable excuse for the delay in this case, since his ignorance of the filing requirement consti- tuted an inadequate explanation (*see, Matter of Ragin v City of New York,* 222 AD2d 678; *Weber v County of Suffolk,* 208 AD2d 527). Moreover, the petitioner's recent immigration to the United States, his purported limited ability to speak English, and his infancy all failed to justify the delay under the circum- stances of this case (*see, Ribeiro v Town of N. Hempstead,* 200 AD2d 730; *Matter of D'Anjou v New York City Health & Hosp. Corp.,* 196 AD2d 818). Indeed, even after the respondents rejected an untimely notice of claim served by the petitioner approximately eight months after the incident, the petitioner delayed approximately four additional months before seeking permission to serve a late notice.

Moreover, the petitioner failed to establish that the respon- dents acquired knowledge of the nature of his claim within a reasonable time (*see, Matter of DiBella v City of New York,* 234 AD2d 366; *Matter of Dunlea v Mahopac Cent. School Dist.,* 232 AD2d 558), and the petitioner has not come forward with evi- dence to rebut the respondents' assertion that the extensive delay in this case has substantially prejudiced their ability to investigate and defend against the claim (*see, Matter of Di- Bella v City of New York, supra; Matter of Deegan v City of New York,* 227 AD2d 620). Accordingly, we discern no improvi- dent exercise of discretion in the Supreme Court's denial of the petition. Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.