■ DIXIE M. WALKER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [698 NYS2d 460] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about February 25, 1999, which, insofar as appealed from, denied petitioner's application for leave to serve a late notice of claim, unanimously affirmed, without costs.

Petitioner fails to sustain her burden of establishing that

respondents acquired actual knowledge of the essential facts constituting the claim within 90 days of the occurrence or a reasonable time thereafter, offering only a conclusory allegation that respondents' employee prepared a report describing the manner in which the claim arose (*see, Washington v City of New York*, 72 NY2d 881), and a police "aided" report that does not connect the occurrence with any negligence by respondents (*see, Matthews v New York City Hous. Auth.*, 180 AD2d 669, 670). Nor does petitioner rebut respondents' showing of prejudice attributable to the 14 months that passed between the occurrence and petitioner's application for leave and the resulting loss of opportunity to locate and examine personnel or other possible witnesses while their memories of the occurrence were still fresh (*see, Matter of Gilliam v City of New York*, 250 AD2d 680, 681). We note that there is no reliable support for petitioner's claim, made for the first time on appeal, that she reasonably relied on settlement offers made by respondents' personnel at the scene, and that no other excuses are offered by petitioner for her failure to timely serve a notice of claim. Concur—Ellerin, P. J., Rosenberger, Nardelli, Lerner and Andrias, JJ.