■ In the Matter of CHRISTIAN A. I. ACOSTA et al., Appellants, v CITY OF NEW YORK, Respondent. [725 NYS2d 208] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Price, J.), dated June 12, 2000, which denied the application.

Ordered that the order is affirmed, with costs.

In deciding whether to grant leave to serve a late notice of claim, the court must consider, *inter alia,* whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality to be served acquired actual knowledge of the essential facts constituting the claim within the 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see, Kittredge v New York City Hous. Auth.,* 275 AD2d 746; *Rogers v City of Yonkers,* 271 AD2d 593; *Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408).

The Supreme Court providently exercised its discretion in denying the application (*see, Kittredge v New York City Hous. Auth., supra*; *Matter of Dominguez v City of New York,* 272 AD2d 326; *Walker v New York City Tr. Auth.,* 266 AD2d 54; *Matter of Landa v City of New York,* 252 AD2d 525; *Matter of Gilliam v City of New York,* 250 AD2d 680). Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.