■ In the Matter of PAUL MICALI, Appellant, et al., Petitioner, v UNION FREE VALLEY STREAM SCHOOL DISTRICT #24 et al., Respondents. [751 NYS2d 787] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner Paul Micali appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated February 5, 2002, as denied the petition insofar as asserted by him.

Ordered that the order is affirmed insofar as appealed from, with costs.

When deciding whether to grant a petition for leave to serve a late notice of claim, a court must consider whether the petitioner demonstrated a reasonable excuse for his or her failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within the 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see Matter of Kittredge v New York City Hous. Auth.,* 275 AD2d 746; *Rogers v City of Yonkers,* 271 AD2d 593; *Matter of Guiliano v Town of Oyster Bay,* 244 AD2d 408).

Here, the Supreme Court providently exercised its discretion in denying the petition (*see Matter of Kittredge v New York City Hous. Auth., supra; Matter of Dominguez v City of New York,* 272 AD2d 326; *Walker v New York City Tr. Auth.,* 266 AD2d 54; *Matter of Landa v City of New York,* 252 AD2d 525; *Matter of Gilliam v City of New York,* 250 AD2d 680; *Matter of Deegan v City of New York,* 227 AD2d 620; *Matter of Serrano v New York City Hous. Auth.,* 197 AD2d 694), as the appellant failed to demonstrate a reasonable excuse for his delay, suf-

ficient knowledge of the claim on the part of the respondent, and the absence of prejudice to the respondent (*see Matter of Hunte v City of New York,* 284 AD2d 396; *Matter of Acosta v City of New York,* 283 AD2d 489). Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.