█ SANDRA IGNERI, Appellant, v NEW YORK CITY BOARD OF EDUCATION, Respondent. [756 NYS2d 783] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Bruno, J.), dated February 8, 2002, which denied her application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), and (2), as limited by her brief, from so much of an order of the same court, dated August 13, 2002, as upon, in effect, granting her motion for leave to renew, adhered to its prior determination.

Ordered that the appeal from the order dated February 8, 2002, is dismissed, as that order was superseded by the order dated August 13, 2002, made upon renewal; and it is further,

Ordered that the order dated August 13, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

In determining whether or not to grant an application for leave to serve a late notice of claim, a court must consider, inter alia, whether the municipality acquired actual knowledge of the facts constituting the claim within 90 days after it arose or within a reasonable time thereafter, whether the delay would substantially prejudice the municipality in maintaining its defense on the merits, and whether or not the plaintiff demonstrated a reasonable excuse for the delay. In this case, the Supreme Court providently exercised its discretion in denying the application. Contrary to the plaintiff's contention, she failed to show that the defendant timely acquired actual knowledge of the facts underlying the claim. In addition, the plaintiff failed to show that the defendant would not be prejudiced by

permitting her to serve a late notice of claim, and did not establish the existence of a reasonable excuse for failing to timely serve the notice of claim (*see* General Municipal Law § 50-e [5]; *Matter of Price v Board of Educ. of City of Yonkers,* 300 AD2d 310 [2002]; *Matter of Ryder v Garden City School Dist.,* 277 AD2d 388 [2000]; *Saafir v Metro-North Commuter R.R., Co.,* 260 AD2d 462, 463 [1999]; *Matter of Morrison v New York City Health & Hosps. Corp.,* 244 AD2d 487 [1997]; *see also Matter of Micali v Union Free Val. Stream School Dist. # 24,* 300 AD2d 661 [2002]). Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.