■ In the Matter of KEVIN WELCH et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [776 NYS2d 876]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Kings County (Hubsher, J.), dated July 1, 2003, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

On February 6, 2002, the petitioners allegedly sustained gunshot injuries on the exterior grounds of a housing development owned and operated by the appellant. On April 2, 2003, the petitioners commenced this proceeding for leave to serve a late notice of claim. The Supreme Court granted the petition. We reverse.

In determining whether leave to serve a late notice of claim should be granted, a court should consider, as key factors, whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see Matter of Pruden v New York City Bd. of Educ.*, 235 AD2d 426 [1997]; *Matter of Buddenhagen v Town of Brookhaven*, 212 AD2d 605 [1995]).

Contrary to the petitioners' contentions, they did not estab-

lish a reasonable excuse for their failure to timely serve a notice of claim (*see Matter of Frick v Incorporated Vil. of Hempstead,* 192 AD2d 605 [1993]). Indeed, they failed to offer any persuasive proof of an ongoing medical incapacity or any other reason to justify the 11-month delay in seeking leave (*see Matter of Roman v City of New York,* 254 AD2d 292 [1998]; *Dickerson v New York City Hous. Auth.,* 245 AD2d 371 [1997]). Moreover, they failed to demonstrate that the appellant acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and that the appellant would not be prejudiced by the delay (*see Matter of Price v Board of Educ. of City of Yonkers,* 300 AD2d 310 [2002]; *Matter of Di Fusco v Mahopac School Dist. of Town of Carmel, N.Y.,* 299 AD2d 544 [2002]; *Harris v City of New York,* 297 AD2d 473, 474 [2002]; *see also Matter of Termini v Valley Stream Union Free School Dist. No. 13,* 2 AD3d 866 [2003]).

Accordingly, leave to serve a late notice of claim should have been denied. Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.