■ CLAYTON INDUSTRIES, INC., Appellant, v CITY OF NEWBURGH, Respondent. [792 NYS2d 587]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Orange County (McGuirk, J.), dated May 28, 2003, which, upon converting the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) to a motion for summary judgment dismissing the complaint, granted the motion, and denied the

plaintiff's cross motion, inter alia, in effect, for leave to serve a late notice of claim, and (2), as limited by its brief, from so much of an order of the same court dated August 27, 2003, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated May 28, 2003, is dismissed, as that order was superseded by the order dated August 27, 2003, made upon reargument; and it is further,

Ordered that the order dated August 27, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Section C6.47 (A) of the Charter of the City of Newburgh states: "No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to city property or involving the rights or interests of the city shall be prosecuted or maintained against the city unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was served on the city, in the same manner as a summons under the Civil Practice Law and Rules, within three (3) months after the accrual of such claim. The provisions of this section shall not apply to an action or special proceeding founded upon tort which shall be governed by the provisions of §§ 50-i and 50-e of the General Municipal Law."

Here, the plaintiff did not serve a verified written notice of claim prior to commencing this action. In addition, the complaint was devoid of any allegation that a written verified notice of claim was served upon the defendant within three months after the accrual of its claim. Rather, the plaintiff served its notice of claim after the defendant moved to dismiss the complaint for failing to timely serve such notice.

Inasmuch as the plaintiff failed to comply with section C6.47 of the Charter of the City of Newburgh, a condition precedent to prosecuting and maintaining this action, the Supreme Court properly adhered to its original determination, inter alia, granting the defendant's motion for summary judgment.

The plaintiff's remaining contentions are without merit. Florio, J.P., Cozier, Krausman and Mastro, JJ., concur.