■ In the Matter of Vincent Bruzzese et al., Respondents, v City of New York, Appellant. [824 NYS2d 653]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Richmond County (Mega, J.), dated October 18, 2005, which, upon a decision of the same court (Pizzuto, J.H.O.), dated September 20, 2005, made after a hearing, granted the petition.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

The Supreme Court improvidently exercised its discretion in

granting the petition for leave to serve a late notice of claim. Initially, the petitioners failed to demonstrate a reasonable excuse for their failure to timely serve a notice of claim. Their assertions that they did not fully appreciate the distinctions between a claim for workers' compensation benefits and an action to recover damages for personal injuries, and that they mistakenly believed that their workers' compensation attorney would also automatically prosecute a personal injury action against the City of New York on their behalf, are insufficient to excuse the delay (*see generally Matter of Flores v County of Nassau,* 8 AD3d 377 [2004]; *Matter of Pico v City of New York,* 8 AD3d 287 [2004]; *Matter of Landa v City of New York,* 252 AD2d 525 [1998]; *Matter of O'Dowd v City of New York,* 226 AD2d 642 [1996]; *Matter of Buddenhagen v Town of Brookhaven,* 212 AD2d 605 [1995]).

Additionally, the petitioners failed to establish that the City acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.,* 6 NY3d 531 [2006]). In this regard, the petitioners' assertion that an incident report was filed with the City is completely unsubstantiated by the record and was refuted by the evidence submitted by the City (*see Washington v City of New York,* 72 NY2d 881 [1988]). Similarly, the injured petitioner's hearing testimony that an office worker employed by a City agency was present at the time of the incident was not sufficient to provide the City with actual knowledge of the claim (*see e.g. Matter of Carpenter v City of New York,* 30 AD3d 594 [2006]; *Matter of Pico v City of New York, supra; Matter of Schifano v City of New York,* 6 AD3d 259 [2004]).

Finally, although it is not necessary to reach the issue of prejudice in view of the foregoing (*see Matter of Carpenter v City of New York, supra*), in any event, the petitioners failed to demonstrate that the City was not prejudiced in its ability to investigate the incident and prepare a defense as a result of their delay in providing the City with notice of the specific facts of the claim (*see e.g. Matter of Henriques v City of New York,* 22 AD3d 847 [2005]; *Breeden v Valentino,* 19 AD3d 527 [2005]; *Alexander v City of New York,* 2 AD3d 332 [2003]). Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.