■ MARGERETTE CASIAS, Respondent, v CITY OF NEW YORK, Appellant. [833 NYS2d 662]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated May 31, 2006, which, inter alia, granted the plaintiff's motion for leave to serve a late notice of claim.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion for leave to serve a late notice of claim is denied.

General Municipal Law § 50-e requires that a notice of claim be served within 90 days after a tort claim arises against certain public and municipal corporations. This requirement is intended to protect those public and municipal corporations against stale tort claims, and to provide them with an opportunity to timely and efficiently investigate those claims (*see Matter of Tumm v Town of Eastchester*, 8 AD3d 581, 582 [2004]). The statute, however, provides for a discretionary extension of the 90-day time limit (*see* General Municipal Law § 50-e [1] [a]; [5]; *Lucero v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 33 AD3d 977 [2006]; *Matter of Kressner v Town of Malta*, 169 AD2d 927, 927-928 [1991]). The statute enumerates various factors relevant to an application for an extension, but it sets one apart from all the others: "the court shall consider, in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within the [90-day period] or within a reasonable time thereafter." (General Municipal Law § 50-e [5].) Other factors, listed under the category "all other relevant facts and circumstances" (General Municipal Law § 50-e [5]) essentially require a reasonable excuse for the delay and a showing of lack of prejudice to the public corporation in its defense on the merits (*see Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006]; *Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542 [1996]; *Matter of Shapiro v County of Nassau*, 208 AD2d 545 [1994]). None of these factors is "necessarily determinative" (*Matter of Dell'Italia v Long Is. R.R. Corp., supra* at 759).

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to serve a late notice of claim upon the City of New York, and thus save her otherwise jurisdictionally defective complaint. The plaintiff did not establish that the City had "actual notice of the essential facts

constituting the claim," within 90 days after her accident or within a reasonable time thereafter (General Municipal Law § 50-e [5]; *see Matter of Carpenter v City of New York,* 30 AD3d 594, 595 [2006]). Notably, while the City arguably was on notice that the plaintiff had been involved in an accident and sustained injury, there was no information in the documents submitted by the plaintiff in support of her motion that would have informed the City of the essential facts constituting her claim.

Additionally the plaintiff did not demonstrate a reasonable excuse for her delay (*see Matter of Welch v New York City Hous. Auth.,* 7 AD3d 805 [2004]; *Igneri v New York City Bd. of Educ.,* 303 AD2d 635, 636 [2003]). She knew immediately after the incident that she had a fractured wrist, and she was unable to work for seven months after the accident. Thus, her argument that she did not know the seriousness of her injury is without foundation. Moreover, her ignorance of her right to sue the City while receiving workers' compensation benefits is not a reasonable excuse for her failure to protect her rights (*see Matter of Brito v City of New York,* 237 AD2d 286, 287 [1997]; *Matter of O'Dowd v City of New York,* 226 AD2d 642 [1996]; *cf. Matter of Bruzzese v City of New York,* 34 AD3d 577 [2006]). Finally, the plaintiff failed to demonstrate that the City was not substantially prejudiced by the delay in its defense on the merits (*see Matter of Dumancela v New York City Health & Hosps. Corp.,* 32 AD3d 515, 516 [2006]; *Breeden v Valentino,* 19 AD3d 527, 528 [2005]). Miller, J.P., Santucci, Florio and Lifson, JJ., concur.