OPINION OF THE COURT
Robert J. Miller, J.
Plaintiff Debra Quarto moves, pursuant to General Municipal Law § 50-e, for an order granting her leave to file a late notice of claim against the City of New York and the New York City Department of Education (collectively the City) for claims of negligence.
The instant case arises out of a trip and fall on a sidewalk outside of a school building, I.S. 303, located at 501 West Avenue, Brooklyn, New York, on November 13, 2006. The plaintiff fractured her right ankle after tripping on a raised portion of the sidewalk. On November 14, 2006, and on January 21, 2007, workers’ compensation reports were filed by Quarto with the school. Plaintiff indicates that her employer advised her that the way for her to pursue a remedy for her injuries was through a workers’ compensation claim and that thereafter the employer chose to oppose that claim.
Plaintiff was required to file a timely notice of claim pursuant to General Municipal Law § 50-e, arising from the November 13, 2006 accident, by February 11, 2007. The plaintiff filed a late notice of claim without leave of court on June 19, 2007, approximately four months after the time to file a notice of claim had expired. The instant motion was made on February 7, 2008.
Service of a notice of claim is a condition precedent to the commencement of a tort action against the municipality. (Clayton Indus., Inc. v City of Newburgh, 17 AD3d 308 [2d Dept 2005].) Plaintiff’s filing of a late notice of claim was served without leave of court and outside of the 90-day requirement under General Municipal Law § 50-e. (Small v New York City Tr. Auth., 14 AD3d 690 [2d Dept 2005]; Santiago v City of New York, 294 AD2d 483 [2d Dept 2002]; Friedman v City of New York, 19 AD3d 542 [2d Dept 2005].) The failure to serve the notice within 90 days makes it a nullity. (Laroc v City of New York, 46 AD3d 760 [2d Dept 2007]; Matter of White v New York City Hous. Auth., 38 AD3d 675 [2d Dept 2007]; Maxwell v City of New York, 29 AD3d 540 [2d Dept 2006].) The law permits service of a late notice of claim by leave of court under certain circumstances; the plaintiff now moves for leave to serve a late notice within one year and 86 days of the date that the claims accrued. Therefore, the court can consider the application *475 because the instant motion is made within the one-year-and-90day statute of limitations.
A court in its discretion may extend the time under General Municipal Law § 50-e to serve a notice of claim. In exercising its discretion, the court must focus on whether the movant has demonstrated a reasonable excuse for its failure to file a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits. (Matter of Acosta v City of New York, 39 AD3d 629 [2d Dept 2007]; Rabanar v City of Yonkers, 290 AD2d 428 [2d Dept 2002]; Christoforatos v City of New York, 285 AD2d 622 [2d Dept 2001]; Matter of Hobgood v New York City Hous. Auth., 253 AD2d 555 [2d Dept 1998].)
Plaintiff fails to demonstrate any facts which could be considered as a reasonable excuse for delay in filing the notice of claim. Plaintiff alleges that she was unaware that she was required to file a notice of claim within the 90-day period and that she remained partially disabled because of her condition. Notwithstanding the plaintiffs reliance on her employer’s recommendation that she proceed to recover damages for her injuries through a workers’ compensation claim, ignorance of the need to file a late notice of claim is not a reasonable excuse (Matter of James v City of New York, 242 AD2d 630 [2d Dept 1997]), nor is the plaintiffs disability (Ribeiro v Town of N. Hempstead, 200 AD2d 730 [2d Dept 1994]). Plaintiff also argues that she has a reasonable excuse primarily because she filed a workers’ compensation claim and did not have a reason to contact an attorney. However, the courts have continually held that relying on the filing of a workers’ compensation claim is not a reasonable excuse for the failure to file a timely notice of claim. (Matter of Buddenhagen v Town of Brookhaven, 212 AD2d 605 [2d Dept 1995]; Matter of Brito v City of New York, 237 AD2d 286 [2d Dept 1997]; Matter of O’Dowd v City of New York, 226 AD2d 642 [2d Dept 1996]; Matter of Ealey v City of New York, 204 AD2d 720 [2d Dept 1994].)
In determining whether to permit the filing of a late notice of claim, the presence or absence of any one factor under General Municipal Law § 50-e is not determinative, and the absence of a reasonable excuse for the delay is not necessarily fatal. (Nardi v County of Nassau, 18 AD3d 520 [2d Dept 2005]; Chattergoon v New York City Hous. Auth., 197 AD2d 397 [1st Dept 1993].) *476 Consequently, the court will consider whether the City received actual notice of the facts constituting the claims.
Actual knowledge of the essential facts of the claim must have been acquired by the City, not just knowledge of the occurrence. (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138 [2d Dept 2008]; Chattergoon v New York City Hous. Auth., 197 AD2d 397 [1st Dept 1993]; Casias v City of New York, 39 AD3d 681 [2d Dept 2007].)
In the cases of Matter of Buddenhagen v Town of Brookhaven (212 AD2d 605 [2d Dept 1995]), Matter of Brito v City of New York (237 AD2d 286 [2d Dept 1997]), Matter of O’Dowd v City of New York (226 AD2d 642 [2d Dept 1996]) and Matter of Ealey v City of New York (204 AD2d 720 [2d Dept 1994], supra), where the court found that the filing of the workers’ compensation claim was not a reasonable excuse for the delay, the analysis also included whether the municipality had received notice of the nature of the claims and in those cases, the filing of the late notice of claim was denied, not just because the plaintiff did not demonstrate a reasonable excuse for the delay but also because of the lack of information concerning the facts which led to the underlying claims of negligence.
In this case, when analyzing whether the City received the essential facts within the 90-day period, the court considered three reports that plaintiff attached as part of the motion: the “Employer’s Report of Injury/Illness” for the workers’ compensation claim dated November 14, 2006 and the “Employee’s Claim for Compensation,” also for the workers’ compensation board, dated January 21, 2007. The third report attached was undated; however, plaintiff states that it was filed on November 21, 2006; therefore, the court considered the contents.
The first report, the “Employer’s Report of Injury/Illness,” gives the date, time, location and description of the accident, identifies the injured plaintiff, including the nature of the injury, a “fracture[d] right ankle,” and a description of how the accident occurred: “I tripped over broken/un-leveled concrete at the gate of the school,” and further, that the “concrete was lifted.”
The second report, the “Employee’s Claim for Compensation,” dated January 21, 2007, also gave the date, time, the address of the place of the accident, and the nature of how the injury occurred: “I was leaving school, stepped on a lift in the concrete and fracture [d] my ankle (right) [and] was taken to hospital.”
*477 The third report in pertinent part reiterates that the plaintiff “was leaving the school” and walked “out of the doors[,] reach[ed] the gate, there [was] a small lift in the concrete where I step[ped] off fracturing my ankle.”
The defendant argues that the proffer of records by plaintiff cannot provide the City with general knowledge of the facts and that the courts have held that the records relied upon to establish knowledge on the part of the municipality must contain the allegations of negligence to provide notice. In Casias v City of New York (39 AD3d 681, 683 [2d Dept 2007]), the court stated that “there was no information in the documents submitted by the plaintiff in support of her motion that would have informed the City of the essential facts constituting her claim.” In other words, the court in Casias looked to the substance of the documents in that case and did not find that there was information sufficient to put the City on notice. In Caselli v City of New York (105 AD2d 251, 255 [2d Dept 1944]) the court, when discussing the information contained in police reports, stated that “[generally, knowledge of a police officer or of a police department cannot be considered actual knowledge of the public corporation itself regarding the essential facts of a claim (See, e.g., Williams v. Town of Irondequoit, 59 AD2d 1049, 1050).” The court in Matter of Felice v Eastport/South Manor Cent. School Dist. (50 AD3d 138, 148 [2d Dept 2008]) stated:
“In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves.”
Here, the court looked to the substance of the facts contained in the documents attached to the motion, and finds that although the City did not receive specific notice of the theory of negligence itself, the City did receive more than general information and that the facts contained in the reports provide it with sufficient knowledge of the nature of the claim of negligence, including the date, place, time and nature of injury of the plaintiff, as well as the specific location and reason for the fall: that there was a lift in the concrete next to the gate outside the school doors.
The court also considered whether the defendant would be prejudiced by such a delay in service of the late notice of claim. *478 The court in Matter of Felice v Eastport/South Manor Cent. School Dist. (50 AD3d 138, 152 [2d Dept 2008]), when analyzing whether the municipality has been prejudiced by the delay in filing the notice of claim, noted:
“Of course, when the public corporation has actual knowledge of the facts constituting the claim, it may be easier for a claimant to meet this burden (see Gibbs v City of New York, 22 AD3d 717, 719 [2005]). Indeed, the Court of Appeals has recently observed that ‘proof that the defendant had actual knowledge is an important factor in determining whether the defendant is substantially prejudiced by such a delay’ (Williams v Nassau County Med. Ctr., 6 NY3d at 539; see Jordan v City of New York, 41 AD3d 658 [2007]; Matter of Vasquez v City of Newburgh, 35 AD3d 621, 623 [2006]; Rechenberger v Nassau County Med. Ctr., 112 AD2d 150, 153 [1985]).”
Because the City had actual notice of the nature of how the injury occurred and because a raised sidewalk is not necessarily a transient condition in its nature, the court finds that there is no substantial prejudice to the City.
Accordingly, the application to serve a late notice of claim is granted.