■ DRANA NICAJ, Respondent, v TOWN OF CARMEL, Appellant, et al., Defendants. [877 NYS2d 145]—

In an action to recover damages for personal injuries, the defendant Town of Carmel appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated February 14, 2008, which granted the plaintiff's motion for leave to deem her notice of claim timely served upon it, nunc pro tunc.

Ordered that the order is affirmed, with costs.

On October 27, 2006, as she was crossing a road, the plaintiff was struck and injured by a vehicle owned and operated by the defendant Frank Andriola, a member of the defendant Mahopac Falls Volunteer Fire Department, Inc. (hereinafter MFVFD), which was responding to a fire. On December 5, 2007 the plaintiff commenced this action against the Town of Carmel, Adriola, and MFVFD. After serving the Town with a late notice of claim on January 11, 2008 the plaintiff moved, by order to show cause dated January 25, 2008, for leave to deem the notice of claim timely served upon the Town, nunc pro tunc.

In determining whether to grant leave to serve a late notice of claim, a court must consider, among other factors, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days after it arose or within a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits, and whether the plaintiff demonstrated a reasonable excuse for the delay (*see* General Municipal Law § 50-e [5]; *Gibbs v City of New York,* 22 AD3d 717, 719 [2005]; *Igneri v New York City Bd. of Educ.,* 303 AD2d 635 [2003]). Applying these factors to the instant case, the Supreme Court properly granted the plaintiff's motion for leave to deem the late notice of claim timely served upon the Town, nunc pro tunc. Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.