PARMESHWAR SINGH et al., Appellants, v CITY OF NEW YORK, Respondent. [931 NYS2d 246]—

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to serve a late notice of claim upon the defendant, City of New York. The plaintiffs did not demonstrate a reasonable excuse for their failure to serve a notice of claim within 90 days after the claim arose (*see* General Municipal Law § 50-e [5]; *Matter of Welch v New York City Hous. Auth.*, 7 AD3d 805 [2004]). The injured plaintiff's belief that workers' compensation benefits were his sole remedy for the injury, and that he was unaware of a possible claim against the City did not constitute a reasonable excuse for the delay (*see Casias v City of New York*, 39 AD3d 681, 683 [2007]; *Matter of Brito v City of New York*, 237 AD2d 286, 287 [1997]; *Matter of O'Dowd v City of New York*, 226 AD2d 642 [1996]; *Matter of Buddenhagen v Town of Brookhaven*, 212 AD2d 605, 606 [1995]). Furthermore, the plaintiffs did not establish that the City "acquired actual knowledge of the essential facts constituting the claim" within 90 days after the claim arose or a reasonable time thereafter (General Municipal Law § 50-e [1], [5]; *see Matter of Carpenter v City of New York*, 30 AD3d 594, 595

[2006]). The filing of various injury and accident reports and witness statements with the New York City Transit Authority, an entity separate from the City, did not provide the City with actual knowledge of the essential facts underlying the legal theories on which liability is now predicated against it, and failed to afford the City a sufficient opportunity to promptly investigate the claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]; *Pappalardo v City of New York*, 2 AD3d 699 [2003]; *Matter of Lyerly v City of New York*, 283 AD2d 647, 648 [2001]; *Matter of Ealey v City of New York*, 204 AD2d 720, 721 [1994]). Finally, the plaintiffs failed to establish that the delay in serving the notice of claim would not substantially prejudice the City in maintaining its defense on the merits (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539 [2006]; *Matter of Bush v City of New York*, 76 AD3d 628, 629 [2010]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152-153).

Since the Supreme Court providently denied the plaintiffs' motion for leave to serve a late notice of claim upon the City, and no notice of claim was timely served, the Supreme Court properly granted the City's cross motion to dismiss the complaint (*see* General Municipal Law § 50-i; *Dorce v United Rentals N. Am., Inc.*, 78 AD3d 1110, 1111 [2010]; *Laroc v City of New York*, 46 AD3d 760, 761 [2007]). Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.