■ JOSE FERNANDEZ, Appellant, v CITY OF NEW YORK, Respondent. [51 NYS3d 100]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated July 11, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and denied his cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

On June 14, 2012, the plaintiff allegedly was injured at the Brooklyn Navy Yard while performing overhaul work in a shipyard work shop on a gate valve that had been removed from a steel-hulled ship. In an order dated June 17, 2013, the Supreme Court denied the plaintiff's petition for leave to serve a late notice of claim on the City of New York. The plaintiff appealed from that order, but before this Court determined that appeal, the plaintiff commenced this action against the City, asserting violations of Labor Law §§ 200, 240 (1), and 241 (6). The City moved to dismiss the complaint based upon the plaintiff's failure to satisfy the condition precedent of serving a timely notice of claim, as required by General Municipal Law §§ 50-e and 50-i. The plaintiff opposed the motion, and crossmoved for leave to amend the complaint. He argued that the New York State General Municipal Law notice of claim requirements were preempted by 33 USC § 933 (a), a provision of the Longshore and Harbor Workers' Compensation Act (33 USC § 901 *et seq.*; hereinafter the LHWCA), and by 46 USC § 30106, which provide for the right of a recipient of benefits pursuant to the LHWCA to interpose third-party claims within six

months of an award of benefits, or within three years of an injury arising out of a maritime tort, respectively. The proposed amended complaint asserted that the plaintiff was a recipient of benefits pursuant to the LHWCA, and added a cause of action alleging a "maritime tort" in addition to the causes of action alleging violations of Labor Law §§ 200, 240 (1), and 241 (6).

In an order dated July 11, 2014, the Supreme Court granted the City's motion and denied the plaintiff's cross motion. The plaintiff appeals. In a decision and order dated August 12, 2015, this Court affirmed the order dated June 17, 2013, denying the plaintiff's petition for leave to serve a late notice of claim (*see Matter of Fernandez v City of New York*, 131 AD3d 532 [2015]).

The LHWCA provides nonseaman maritime workers with the right to bring no-fault workers' compensation claims against their employer, pursuant to 33 USC § 904 (b), and negligence claims against the vessel, pursuant to 33 USC § 905 (b). As to those two categories of defendants, 33 USC § 905 (a) and (b) expressly preempt all other claims, but 33 USC § 933 (a) expressly preserves all claims against third parties (*see Norfolk Shipbuilding & Drydock Corp. v Garris*, 532 US 811, 818-819 [2001]). "Importantly, § 933 recognizes that a covered employee may have tort remedies against third parties under federal or state law. Section 933 preserves and codifies a maritime worker's common law right to pursue a negligence claim against a third party that is not the employer or a coworker; it does not create a cause of action nor establish a third party's liability for negligence" (*McLaurin v Noble Drilling [US] Inc.*, 529 F3d 285, 291-292 [5th Cir 2008]).

Here, the plaintiff is pursuing New York State Labor Law causes of action against the City, a nonmaritime entity, as the owner of the property on which he was injured, as he is permitted to do pursuant to 33 USC § 933 (a). However, 33 USC § 933 (a) does not alter the requirement of General Municipal Law §§ 50-e and 50-i that a plaintiff must serve a timely notice of claim as a condition precedent to bringing a tort action against a public corporation (*see Fontenot v Dual Drilling Co.*, 179 F3d 969 [5th Cir 1999]). "The third party action [permitted by 33 USC § 933 (a)], when founded on state law, is a creature of state law and is to be governed entirely by it" (*Garvin v Alumax of S. Carolina, Inc.*, 787 F2d 910, 917 [4th Cir 1986]). Moreover, the fact that the plaintiff is a recipient of benefits pursuant to LHWCA does not transform his New York State Labor Law causes of action into maritime torts subject to federal law.

To the extent that the plaintiff's proposed amended complaint purports to assert a federal maritime tort separate and apart from the New York State Labor Law causes of action, we find that it is patently devoid of merit since the accident allegedly occurred at a location not subject to maritime jurisdiction (*see Victory Carriers, Inc. v Law*, 404 US 202 [1971]; *Scott v Trump Ind., Inc.*, 337 F3d 939 [7th Cir 2003]).

The plaintiff's contention that his petition for leave to serve a late notice of claim should have been granted is not properly before us on this appeal.

Therefore, since the plaintiff failed to satisfy the condition precedent of serving a timely notice of claim, and the proposed amendment to the complaint is patently devoid of merit, the Supreme Court properly granted the City's motion to dismiss the complaint and denied the plaintiff's cross motion for leave to amend the complaint (*see Singh v City of New York*, 88 AD3d 864 [2011]; *Morton v Brookhaven Mem. Hosp.*, 32 AD3d 381 [2006]). Hall, J.P., Cohen, Miller and Connolly, JJ., concur.