Constantino v City of New York (2018 NY Slip Op 07286)





Constantino v City of New York


2018 NY Slip Op 07286


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-02217
 (Index No. 51877/16)

[*1]Ada Constantino, appellant,
v
City of New York, et al., respondents.


David J. Hernandez, Brooklyn, NY (David A. Bonilla of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Dona B. Morris of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated January 20, 2017. The order denied the plaintiff's motion pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, and granted the defendants' cross motion to dismiss the complaint for failure to timely serve a notice of claim.
ORDERED that the order is affirmed, with costs.
On January 18, 2016, the plaintiff allegedly sustained personal injuries when she slipped and fell upon a patch of ice on the sidewalk abutting the Dyker Beach Golf Course, which is owned and operated by the defendants. In July 2016, the plaintiff commenced this action to recover damages for personal injuries. On September 8, 2016, the plaintiff moved pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim. The defendants cross-moved to dismiss the complaint for failure to timely serve a notice of claim. The Supreme Court denied the plaintiff's motion, and granted the defendants' cross motion. The plaintiff appeals.
In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality or public corporation in its defense, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461; Williams v Nassau County Med. Ctr., 6 NY3d 531, 539). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; Matter of City of New York v County of Nassau, 146 AD3d 948, 950; Brownstein v Incorporated Vil. of Hempstead, 52 AD3d 507, 509).
Here, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to serve a late notice of claim. The plaintiff's failure to ascertain that the defendants owned the Dyker Beach Golf Course was attributable to a lack of due diligence in [*2]investigating the matter, which is an unacceptable excuse (see Matter of Quinones v City of New York, 160 AD3d 874; Kelly v City of New York, 153 AD3d 1388, 1389; Matter of Placido v County of Orange, 112 AD3d 722, 723). The plaintiff did not establish that the defendants acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, which is an important factor (see Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d 1413, 1414-1415; Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006, 1007). Even assuming that the plaintiff met her initial burden to show that the late notice would not substantially prejudice the defendants in their defense, and that the defendants, in response, failed to make a particularized evidentiary showing that they will be substantially prejudiced if the late notice is allowed (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466-467), upon consideration of the balance of the relevant factors (see General Municipal Law § 50-e[5]), the court providently exercised its discretion in denying leave to serve a late notice of claim upon the defendants (see Matter of Rosenblatt v New York City Health & Hosps. Corp., 149 AD3d 961, 963; see also Matter of Ruiz v City of New York, 154 AD3d 945, 947; Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d at 1415-1416).
Since the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to serve a late notice of claim, and no notice of claim was timely served, we agree with the court's determination to grant the defendants' cross motion to dismiss the complaint (see Singh v City of New York, 88 AD3d 864, 865; see also Fernandez v City of New York, 148 AD3d 995, 997; Urena v New York City Health & Hosps. Corp., 35 AD3d 446, 446; Maxwell v City of New York, 29 AD3d 540, 541).
LEVENTHAL, J.P., ROMAN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court